UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM SCHMALFELDT,

        Plaintiff,

    v.

SARAH PALMER, ET AL.,

        Defendants.

Case No. 2:15-cv-01516-NJ

**JOINT MOTION FOR EXTENSION OF TIME TO FILE A MOTION TO DISMISS UNDER RULE 12(B)(6) AND MOTION FOR LEAVE TO FILE A SEPARATE RULE 12(B)(6) MOTION TO DISMISS**

    NOW COME Defendants Sarah Palmer and Eric Johnson, by their counsel Aaron J. Walker, Esq., in the above-styled case for the sole purpose of challenging personal and subject matter jurisdiction and service of process, without waiving any rights of jurisdiction, notice, process, service of process, joinder, or venue. They hereby file this Joint Motion for an Extension of Time to File a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Motion to File a Separate Rule 12(b)(6) Motion to Dismiss, and state the following:

    1.    On February 13, 2016, Mr. Schmalfeldt attempted to obtain service on Sarah Palmer.[1] Therefore, her responsive pleading or motion ordinarily would be due on March 7, 2016.

    2.    On February 11, 2016, Mr. Schmalfeldt attempted to obtain service on Eric Johnson. Therefore, his responsive pleading or motion ordinarily would be due on March 3, 2016.

---

[1] This is described as attempted service because the service provided was facially defective.

3. However, this pro se Plaintiff has made hash of the docket, leaving Mr. Johnson and Mrs. Palmer uncertain as to which complaint they should respond. This confusion is the result of the Plaintiff's improper attempt to amend his complaint.

4. Specifically, the Plaintiff did not conform to Fed. R. Civ. P. 15(a), which states the following:

> (a) AMENDMENTS BEFORE TRIAL.
>
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Plaintiff appears to believe that he was appropriately invoking his one "free" amendment under Rule 15(a)(1)(A). However, in his January 20, 2016, letter to this Court (ECF No. 4), he stated that he served then-Defendants Dianna Deeley and the William G. Irwin Charitable Foundation on December 31, 2015. Based on those statements, the period described in Rule 15(a)(1)(A) ended on January 21, 2016. Therefore, his proposed amendment, filed on February 4, 2016, was filed some fourteen days after that deadline passed.

5. Further, because the proposed amended complaint was filed before any person filed a responsive pleading or motion, the period described in Rule 15(a)(1)(B) had not yet begun. Therefore, if Plaintiff wished to amend on February 4, 2016, he was required to seek and

2

obtain leave to do so,[2] and he has failed to file a motion for leave to amend as required by Rule 15(a)(2) and Civil L. R. 15.

6. In theory, that means that the Plaintiff's purported amended complaint is a nullity. Indeed, a call to the Clerk of this Court by counsel verifies that, as of Friday, February 12, 2016, the proposed amended complaint had not been accepted as a valid complaint and awaits the ruling of this Court. However, experience suggests that this Court is likely to forgive the stumbles of this pro se Plaintiff. Thus this Court is likely to treat the Plaintiff as if he had properly moved to amend his complaint, and, then, this Court is likely to consider granting leave to amend on those terms.

7. Therefore, these Defendants face the prospect of preparing a motion to dismiss based on the original complaint, only for this Court to accept the amended complaint, wasting the efforts of these Defendants in filing that motion and wasting this Court's effort in addressing it.

8. That concern is minimal in this case when the issue is a motion to dismiss under Rule 12(b)(1), (2), or (5). The challenge to subject matter jurisdiction relies on two facts (that the Plaintiff included unknown defendants in this suit and that he improperly alleged the jurisdictional minimum) to argue that there is no subject matter jurisdiction. That fact is present in both the original complaint and the proposed amended complaint. Likewise, the alleged facts needed to determine whether personal jurisdiction exists in this case are minimal and nearly identical between the original complaint and the proposed amended complaint. Finally, the question of sufficiency of service of process is exactly the same for both.

---

[2] Or he could also be allowed to amend if consent is given by all defendants, but Mr. Johnson and Mrs. Palmer do not consent to that amendment.

3

9. By contrast, a motion to dismiss for failure to state a claim under Rule 12(b)(6) is typically very fact-intensive and the alleged facts are very different in the original complaint as compared to the proposed amended complaint.

10. Therefore, to avoid a potential waste of this Court's and these Defendants' time and resources, and to get this case back on course, we propose the following:

   a. These Defendants have filed simultaneously with this motion a "Joint Motion To Dismiss Under Rule 12(b)(1), (2), and (5), and Opposition to Leave to Amend."

   b. We propose that this Court consider that motion and opposition first, particularly the challenges to subject matter and personal jurisdiction, because this Court could easily end the entire case based on those jurisdictional questions.

   c. Should the instant suit survive those decisions, this Court would then determine whether allowing the proposed amendment is appropriate.

   d. Then, after that decision (whether the amendment is accepted or not), the Defendants would respond with appropriate Rule 12(b)(6) motions within twenty-one days.

11. This would represent an abrogation of the ordinary rule that a defendant may only file a single motion to dismiss, but it would appear to be the most efficient use of this Court's and these Defendants' resources. If the "Joint Motion To Dismiss Under Rule 12(b)(1), (2) and (5), and Opposition to Leave to Amend" is granted, the case will be over, at least for these defendants. On the other hand, if the case is not over for these Defendants when this Court rules on the "Joint Motion," then it makes sense to determine which complaint (the original or the proposed amended complaint) is the one that these Defendants should oppose on a Rule 12(b)(6) basis.

4

WHEREFORE, this Court should grant leave to file a separate Rule 12(b)(6) motion; this Court should further order that the deadline to file such a motion shall be extended until twenty one days after this Court determines whether to accept the proposed amendment filed by the Plaintiff; and this Court should provide any other relief that is just and equitable.

Tuesday, March 1, 2016                    Respectfully submitted,

   s/ Aaron J. Walker
Aaron J. Walker, Esq.
*Attorney for Defendants Johnson and Palmer*
Va Bar# 48882
DC Bar #481668
P.O. Box 3075
Manassas, Virginia 20108
(703) 216-0455
(No fax)
AaronJW1972@gmail.com

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers will be filed in relation to this motion.

### CERTIFICATE OF SERVICE

I certify that on the 1st day of March, 2016, I served copies of this document on William Schmalfeldt at 3209 S. Lake Drive, Apt. 108, St. Francis, Wisconsin 53235 by mail.

   s/ Aaron J. Walker