UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

WILLIAM SCHMALFELDT,

        Plaintiff,

v.

SARAH PALMER, ET AL.,

        Defendants.

Case No. 2:15-cv-01516-NJ

---

### DEFENDANT PALMER'S OPPOSITION TO THE PLAINTIFF'S MOTION TO SHOW CAUSE (ECF NO. 8)

---

NOW COMES Defendant Sarah Palmer, by her counsel Aaron J. Walker, Esq., in the above-styled case for the sole purpose of filing this Opposition to the Plaintiff's Motion to Show Cause (hereinafter "MSCO") (ECF No. 8), without waiving any rights of jurisdiction, notice, process, service of process, joinder, or venue, and states the following:

1. Before a person can be found in contempt, it must first be established that this Court has obtained personal jurisdiction over him or her. It is elementary that "[j]urisdiction is the power of the court to decide a matter in controversy, and presupposes the existence of a duly constituted court with control over the subject matter and the parties." *Pinner v. Pinner*, 33 N.C.App. 204, 206 (1977).

2. Whether this Court has jurisdiction over a defendant is governed by Fed. R. Civ. P. 4(k)(1) which states in relevant part:

    (1)   *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

      (A)    who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]

There has been no proper service of process, and there has been no waiver.  Therefore, there can be no contempt because this Court had not established control over Mrs. Palmer because of the Plaintiff's failure to properly serve her.[1]

    3.    The Plaintiff's sole attempt to assert that he had completed service of process is found in paragraph 6 of his MSCO, where he claims to have personally served Mrs. Palmer by mail as follows: "[a]ccording to the U.S. Postal Service, Defendant Palmer received and accepted her service packet *from Plaintiff* on December 28, 2015.  (Exhibit 1)." (emphasis added).  However, this is forbidden under Rule 4(c)(2), which states that the parties cannot personally carry out service of process as follows: "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint" (emphasis added).  Because the Plaintiff sent this service personally, this attempted service is a nullity.  Indeed, the Plaintiff's attempted service on February 13, 2016, is a silent confession that he knew he didn't serve Mrs. Palmer correctly the first time.

    4.    Further, if one examines Exhibit 1, it does not establish that Sarah Palmer actually received it.  First, Exhibit 1 has clearly been altered to an unknown degree.  Second, even if one recovers the tracking data from the USPS website (removing the Plaintiff's alterations) one is still left only with a statement that it was delivered to some unknown address in Reidsville, North Carolina—not necessarily Mrs. Palmer's house.  Third, the same Exhibit 1 doesn't state that the mail was sent restricted delivery; therefore, even if it was sent to Mrs. Palmer's home, there was no guarantee that it would have been received by Mrs. Palmer.

---

[1] Further, Mrs. Palmer has also contested whether this Court could exercise personal jurisdiction over her.  See the "Joint Motion To Dismiss Under Rule 12(b)(1), (2), and (5), and Opposition to Leave to Amend" filed simultaneously with this opposition, on pages 5-14.

5. Furthermore, Mrs. Palmer had a good reason to ignore any and all mail from the Plaintiff. Attached as Exhibit A is a true and correct copy of a "No Contact Order for Stalking or Non-Consensual Sexual Contact" (hereinafter the "No Contact Order") issued in order to protect Mrs. Palmer from the Plaintiff. It forbade (in part) the instant Plaintiff from contacting Mrs. Palmer "by telephone, written communication, or electronic means."[2] The existence of this order shows that Mrs. Palmer had a very good reason for disregarding mailed communications from the Plaintiff.

6. Indeed, as pointed out in the "Joint Motion To Dismiss Under Rule 12(b)(1), (2), and (5), and Opposition to Leave to Amend,"[3] the Plaintiff *still* hasn't properly served Mrs. Palmer. Not only did he fail to serve a copy of the original complaint, but he failed to serve either Mr. Johnson or Mrs. Palmer with a copy of the "Consent to Proceed Before a Magistrate Judge" form when he attempted service. However, in the name of judicial efficiency, Defendants Palmer and Johnson have filed their "Consent to Proceed Before a Magistrate Judge" forms as downloaded by counsel. This is done by Defendants Johnson and Palmer without waiving any rights of jurisdiction, notice, process, service of process, joinder, or venue.

7. In summary, because the Plaintiff has failed to properly serve Mrs. Palmer there is no cause to believe she is in contempt of this Court's orders.

WHEREFORE, this Court should deny the Plaintiff's motion for a show cause order because, to this day, Defendant Palmer has never been properly served in this case.

---

[2] What is attached is a non-certified copy of No Contact Order. In compliance with this Court's Electronic Case Filing Policies and Procedures Manuel, counsel has retained certified copy of this No Contact Order in his records and will provide it to this Court if there is any question of the authenticity of the attached document.

[3] This opposition was filed simultaneously with the "Joint Motion To Dismiss Under Rule 12(b)(1), (2), and (5), and Opposition to Leave to Amend."

3

Tuesday, March 1, 2016	Respectfully submitted,

   s/ Aaron J. Walker
Aaron J. Walker, Esq.
*Attorney for Defendants Johnson and Palmer*
Va Bar# 48882
DC Bar #481668
P.O. Box 3075
Manassas, Virginia 20108
(703) 216-0455
(No fax)
AaronJW1972@gmail.com

## **VERIFICATION**

I, Aaron Walker, state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Tuesday, March 1, 2016.

   s/ Aaron J. Walker

## **CIVIL L. R. 7(A)(2) CERTIFICATION**

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers will be filed in relation to this motion.

## CERTIFICATE OF SERVICE

I certify that on the 1st day of March, 2016, I served copies of this document on William Schmalfeldt at 3209 S. Lake Drive, Apt. 108, St. Francis, Wisconsin 53235 by mail.

                                          s/ Aaron J. Walker