EXHIBIT 2 — FEDERAL JUDGE RULES AGAINST WALKER, WARNS OF SANCTIONS SHOULD ABUSE OF COURT CONTINUES

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 NOV 28 P 12: 14

CLERK'S OFFICE
AT BALTIMORE

|  |  |  |
|---|---|---|
| AARON WALKER | * | |
| | * | |
| v. | * | Civil No. – JFM-12-1852 |
| | * | |
| BRETT KIMBERLIN | * | |

******

## MEMORANDUM

Aaron Walker has brought this action against Brett Kimberlin and two organizations with which Kimberlin is associated. Kimberlin has filed a motion to dismiss and a motion for Rule 11 sanctions against Walker's attorney. Kimberlin's motion to dismiss will be granted but his motion for Rule 11 sanctions will be denied.

The parties apparently have been involved in intense political disputes over the years. Walker complains that Kimberlin has filed meritless law suits against him. He seeks a declaration from this court that Kimberlin is a vexatious litigant and requiring that he seek approval from an administrative law judge before he can bring any type of action against Walker. Obviously, this court has no authority to require a court to appoint an administrative law judge to approve the filing of any suits filed by Kimberlin or any organization associated with him against Walker. Although Walker also seeks $150,000 in punitive damages, he makes no claim for compensatory damages. Thus, the claims he asserts are not cognizable. *See Scott v. Jenkins*, 690 A.2d 1000, 1008 (Md. 1997); *Shabazz v. Bob Evans Farms, Inc.*, 881 A.2d 1212, 1233-34 (Md. App. 2005).

As to the Rule 11 motion, I deem it unwise to intervene in the bitter political disputes between the parties. In any event, although plaintiff is cautioned that the institution of any

similar suit in the future may result in the imposition of sanctions, I have concluded that here the imposition of Rule 11 sanctions would not be appropriate.

Date: 11/26/12

J. Frederick Motz
United States District Judge