UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM SCHMALFELDT,

        Plaintiff,

Case No. 2:15-cv-01516-NJ

v.

SARAH PALMER, ET AL.,

        Defendants.

**JOINT MOTION FOR LEAVE TO FILE AN IMMEDIATE MOTION FOR SANCTIONS UNDER RULE 11**

        NOW COME Defendants Sarah Palmer and Eric Johnson, by their counsel Aaron J. Walker, Esq., in the above-styled case for the sole purpose of challenging personal and subject matter jurisdiction and service of process, without waiving any rights of jurisdiction, notice, process, service of process, joinder, or venue. They hereby file this Joint Motion for Leave to File an Immediate Motion for Sanctions Under Fed. R. Civ. P. 11(c)(2) and state the following:

        1.     On March 7, 2016, the Plaintiff filed a "Motion to Disqualify Defendant's [sic] Attorney, Aaron Justin Walker, for Alleged Violations of the DC Bar Association Rules of Proffesional [sic] Conduct, as Well as the Fact He is Likely to be Called as a Witness by the Plaintiff, or Joined as a Defendant" (Docket #18) (hereinafter "MTDQ").

        2.     The MTDQ contained numerous provable falsehoods in violation of Rule 11(b)(3) and (4) as demonstrated in the "Joint Opposition to the Plaintiff's Motion to Disqualify Counsel (Docket #18) and Motion to Strike the Same" (hereinafter the "Opposition") filed simultaneous with this motion.

3. It also contained unwarranted legal claims in violation of Rule 11(b)(2) citing rules that had no application to the facts at hand or citing "rules" that were not rules at all, as demonstrated in the Opposition.

4. The manifest intent behind filing the MTDQ does not appear to be to win the motion. Rather, it appears to be to prejudice this Court against the Defendants by irrelevant ad hominem attacks against counsel, an "improper purpose" under Rule 11(b)(1). Moreover, the Plaintiff's threat to belatedly add the undersigned counsel as a defendant appears to be an attempt to intimidate the undersigned counsel from providing legal representation to Defendants Palmer and Johnson.

5. Further, the Plaintiff has become increasingly abusive and unhinged in his communications with counsel, and, upon information and belief, in the Plaintiff's public writings about undersigned counsel. Those communications are reluctantly attached as Exhibits to this motion,[1] even as the Defendants understand that exposing the Plaintiff's behavior to this Court is likely to enrage the Plaintiff further and lead to more inappropriate behavior. In the most extreme example the Plaintiff warns undersigned counsel that "[t]his is [a] fight you want no part of. Set down the arrogance and walk away"[2]—another apparent attempt to intimidate.

6. Rule 11(c)(2) reads in relevant part that

> [t]he motion [for sanctions under Rule 11] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Ordinarily, this means that these Defendants would have to wait a minimum of twenty-one days to file a motion for sanctions and that this Court might not be able to rule for another sixty-three

---

[1] Those Exhibits are A-1 through A-9, as attached Exhibit A, the Declaration of Aaron Walker.
[2] Exhibit A-8.

days. These Defendants believe that if this Court does not intervene quickly, the docket might be filled with additional intemperate pleadings by the Plaintiff. However, this language plainly gives this Court discretion to allow filings "within another time the court sets." These Defendants respectfully ask this Court to exercise that discretion and allow these Defendants to file a Rule 11 motion immediately and, otherwise, to allow for an expedited process so that this Court can address the Plaintiff's conduct expeditiously.

7. Further, as demonstrated by the accompanying Declaration of Aaron Walker and the attached exhibits, the Plaintiff has already been asked to withdraw the motion and he has refused.

8. Undersigned counsel apologizes for asking for this Court to intervene and recognizes that the Plaintiff's conduct might be affected to an unknown degree by the Plaintiff's "early Parkinson's disease dementia." *See* Exhibit B to the Joint Opposition to the Plaintiff's Motion to Disqualify Counsel and Motion to Strike the Same (filed simultaneously with this motion), p. 2. However, regardless of any maladies the Plaintiff might have, these Defendants are being asked to defend their reputations, their finances and their freedom of expression. The Defendants should not be prejudiced—and their counsel should not be vexed—by the unruly conduct of the Plaintiff.

9. Even if the only result of this sanctions process is a formal admonition to the Plaintiff to stop engaging in this kind of conduct, that might have a useful salutary effect. A modest monetary sanction to compensate the undersigned counsel for the trouble the Plaintiff has created would send an even stronger message. In either case, it can be hoped that further unruliness can be stopped before it becomes much worse.

WHEREFORE, this Court should allow the Defendants to file a Rule 11 motion for sanctions, without the ordinary twenty-one day "safe harbor" allowed in Rule 11(c)(2) and provide all other relief that is just and equitable.

Tuesday, March 8, 2016                    Respectfully submitted,

    s/ *Aaron J. Walker*
Aaron J. Walker, Esq.
*Attorney for Defendants Johnson and Palmer*
Va Bar# 48882
DC Bar #481668
P.O. Box 3075
Manassas, Virginia  20108
(703) 216-0455
(No fax)
AaronJW1972@gmail.com

## VERIFICATION

I, Aaron Walker, state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Tuesday, March 8, 2016.

    s/ *Aaron J. Walker*

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers except those already attached to this motion will be filed in relation to this motion.

<mark>5</mark>

## CERTIFICATE OF SERVICE

I certify that on the 8th day of March, 2016, I served copies of this document on William Schmalfeldt by email by consent.

s/ *Aaron J. Walker*

<mark>5</mark>

