UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN
(Milwaukee Division)

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR. 2016 MAR 14 ) | Case No. 15-C-1516-NJ |
| Plaintiff pro se, ) | |
| v. ) | REPLY TO DEFENDANTS' JOINT OPPOSITION |
| SARAH PALMER, ET AL., ) | TO THE PLAINTIFF'S MOTION TO |
| Defendants ) | DISQUALIFY COUNSEL (DOCKET #19) AND |
| ) | MOTION TO STRIKE THE SAME |

NOW COMES Plaintiff William M. Schmalfeldt, Sr., pro se plaintiff in the above captioned case for the purpose of filing this reply to Defendants' Joint Opposition to Plaintiff's Motion to Disqualify Counsel and Motion to Strike the Same.

1.  On March 8, 2016, Aaron Walker, pro bono attorney for defendants Sarah Palmer and Eric Johnson brought into sharp focus most of the reasons Plaintiff has for requesting that this honorable Court disqualify him from acting as attorney for the defendants in the instant case. Plaintiff has had the opportunity to observe Walker's behavior in other cases, and it is clear from his most recent filings that he intends to replicate his usual practice of flooding the court with baffling, befuddling paperwork, blizzards of motions and briefs, arguing irrelevant points, airing old grievances against non-parties, and thus obfuscating the very simple issue before this court: Did Defendants Palmer and Johnson commit the acts alleged in Plaintiff's First Amended Complaint (ECF #6). Once one gets past the motion itself and looks at the list of exhibits, it is clear the reason Walker took this case pro bono was not to give a thorough and rigorous defense of the defendants. He has inserted himself in this case to re-litigate his years-long courtroom battle with non-party Brett Kimberlin. Seven of the 11 exhibits offered by Mr. Walker deal solely with his legal struggles with Kimberlin and do nothing to advance his defense of his clients.

I.
### PLAINTIFF MAINTAINS THAT MR. WALKER'S RESPONSE TO THE MOTION TO DISQUALIFY PROVIDES THE COURT WITH ALL THE JUSTIFICATION IT NEEDS TO DISQUALIFY MR. WALKER FROM PROVIDING PRO BONO REPRESENTATION TO HIS CLIENTS

2.  Despite Walker's assertions to the contrary, Plaintiff provided plenty of justification for his motion to disqualify (MTDQ). His engagement in dishonest conduct, deception and misrepresentations – his outright lies to this court and others – are a mockery of Rule 8-4(c) of the DC Bar Association Rules of Professional Conduct. If saying a thing that is not true is to be taken as uttering a falsehood, then Walker has certainly lied to this Court and others as shown in Plaintiff's MTDQ.

**A. Plaintiff is Willing to Stipulate that Mr. Walker Will Likely Not Be Called as a Witness in the Instant Case.**

3. Plaintiff has every faith that this honorable Court will rule properly and see that Mr. Walker's appearance as pro bono attorney for the Defendants will be stricken. That being said, at the moment Plaintiff will stipulate that Walker is not likely to be called as a witness or named as a defendant in the instant case, rendering the arguments Walker makes in Paragraphs 3-9 in his Reply to the MTDQ moot.

4. The argument made in Paragraph 4 of Walker's reply to the MTDQ is moot, as Plaintiff stipulates Walker will likely not be called as a witness or named as a defendant in the instant case.

5. The argument made in Paragraph 5 of Walker's reply to the MTDQ is moot, as Plaintiff stipulates Walker will likely not be called as a witness or named as a defendant in the instant case.

6. The argument made in Paragraph 6 of Walker's reply to the MTDQ is moot, as Plaintiff stipulates Walker will likely not be called as a witness or named as a defendant in the instant case.

7. The argument made in Paragraph 7 of Walker's reply to the MTDQ is moot, as Plaintiff stipulates Walker will likely not be called as a witness or named as a defendant in the instant case.

8. The argument made in Paragraph 8 of Walker's reply to the MTDQ is moot, as Plaintiff stipulates Walker will likely not be called as a witness or named as a defendant in the instant case.

9. The argument made in Paragraph 9 of Walker's reply to the MTDQ is moot, as Plaintiff stipulates Walker will likely not be called as a witness or named as a defendant in the instant case.

**B. As Mr. Walker Makes Statements of Supposed "Fact" That Are Provably Untrue, He Has Made False Statements in the Joint Memorandum of Law (ECF #12).**

10. Whether one chooses to call them misrepresentations or lies, Mr. Walker does, in fact, make two false statements in relation to non-party Brett Kimberlin. Walker contends that Mr. Kimberlin is a "convicted terrorist" who "cost a man his life." Neither statement is factual and should be considered statements of opinion, or outright lies, whichever way the Court chooses to look at them.

11. Mr. Walker makes the laughable claim that Mr. Kimberlin was "convicted of terrorism" because the crimes for which he was convicted – namely, the Speedway Bombings in 1978 -- "terrorized" a city. He was not convicted on a charge of "terrorism" as proven in Exhibit #6 of Plaintiff's MTDQ (ECF #18). Walker admits as much in his opposition (*See* ECF #19 at 11) where he writes:

> While it is true that the statutes under which Mr. Kimberlin was convicted didn't label the crimes he committed "terrorism,"[footnote omitted] often statutory titles do not reflect common names. For instance, in Wisconsin if one has sex with a person without his or her consent, that person can be convicted of "sexual assault" in violation of Wis. Stat. § 940.225. Most people, however, call that rape. Would the Plaintiff have this Court disqualify an attorney who referred to a person convicted under § 940.225 as a "convicted rapist?"

If Mr. Walker wishes to label crimes as he sees them, not as decided by a court or jury, he is certainly within his rights to do so while tossing back a couple of beers with his chums at the pub. But in a legal filing with a U.S. District Court, the Court should insist that a practicing attorney stick to the facts in making allegations. If Mr. Walker can label Mr. Kimberlin as a "convicted terrorist" in a legal brief, he could use the same appellation for someone who was cited by police and convicted of "terrorizing his neighborhood" by playing his stereo too loud in the early morning hours.

Mr. Walker makes the same specious claim when he says the bombings "cost a man his life." As also demonstrated in Exhibit 6 of the Plaintiff's MOTD, the person injured in the bombing took his own life five years after the fact. He left suicide notes, none of which named the bombing or Kimberlin as the reason for closing his garage door in 1983, starting his van engine, and dying of carbon monoxide poisoning. Mr. Kimberlin was convicted of injuring this man. Mr. Kimberlin was in prison when the suicide victim made the conscious choice to take his own life.

12. Mr. Walker is correct in saying that Plaintiff did not cite any law or rule that says an attorney making a false statement (or two) in a case is reason for disqualification. Plaintiff only cited the DC Rules of Professional Conduct which states such.

13. Walker claims Plaintiff's attempt to hold him accountable for his lies before this court are frivolous.

> "Deceit" is not a word typically used in connection with the initiation of a legal action or the filing of a motion. However, knowingly making false allegations in a complaint or motion certainly meets the definition of deceptive conduct in that it represents an attempt to mislead a court. Thus, at least in the general sense of the term, it is a form of fraud upon the court. There are potentially several disciplinary rules that apply to such action. Aside from Model Rule 8.4(c)'s general prohibition on dishonest conduct, Model Rule 3.1 and its equivalent Federal Rule of Civil Procedure, Rule 11, prohibit bringing a proceeding or asserting an issue therein without a nonfrivolous basis for doing so. [...] Thus, a lawyer who knowingly includes a false allegation in a complaint or who knowingly makes a false assertion of fact while filing a motion during a proceeding is subject to discipline as well as Rule 11 sanctions. Such conduct might also violate a lawyer's duty of candor toward the tribunal. Model Rule 3.3(a)(1) addresses other instances of what can broadly be called fraud upon the court. Specifically, the rule prohibits a lawyer from knowingly making a false statement of fact or law to the tribunal.
>
> A comment explains that:

> *[A]n assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry.*

**Similarly, Model Rule 3.3(a)(3) prohibits a lawyer from knowingly submitting false evidence, including submitting deceptive or fraudulent supporting documents in connection with the filing of motions. (UC Davis Law Review, "Attorney Deceit Statutes: Promoting Professionalism Through Criminal Prosecutions and Treble Damages," Alex B. Long, pp. 420-422)**

**C.     Walker's Misrepresentations Unrelated to the Instant Case Tend to Display his Propensity for Playing Fast and Loose with the Truth, thus disqualifying him as Defense Counsel.**

14.     Walker "pooh-poohs" what he calls a "non-rule", namely the ABA Model Code of Professional Responsibility" as if this code was just a list of suggestions, take it or leave it, that attorneys should follow if they feel like it. And to an extent, that is true:

> **The rules are merely recommendations, or models, (hence the name "Model Rules") and are not themselves binding. However, having a common set of Model Rules facilitates a common discourse on legal ethics, and simplifies professional responsibility training as well as the day-to-day application of such rules. (Wikipedia entry discussing ABA Model Rules of Professional Conduct)**

However, California is the only state in the Union that has not adopted the Model Rules as the templates for for state professional conduct rules. (*See* http://www.americanbar.org/ groups/professional_responsibility/ publications/model_rules_of_professional_conduct.html)

As Plaintiff is not a lawyer, he is not totally aware of what effect the rules have on attorneys, especially those who have been unemployed since 2012 like Mr. Walker. However, as a personal matter, Plaintiff would argue to the court that lawyers who eschew the Model Rules may be attorneys the Plaintiff would never trust to represent him.

15.     There is nothing "ad hominem" about Plaintiff's remarks concerning Mr. Walker, who apparently clutches his pearls and stumbles toward the fainting couch with remarks about the "200-page motion" and the mini-trial that would be needed to refute Plaintiff's allegations against him. Melodrama aside, Plaintiff prefers to deal with the facts presented in his MTDQ.

**D.     Plaintiff Continues to Maintain that much of Mr. Walker's Communication with Others About Plaintiff Has Been Defamatory.**

16.     Walker did, in fact, make a false rape threat allegation against Plaintiff on Walker's blog in 2012. Walker claims in his Opposition to the MTDQ: **However, each and every message he quoted has a basis in fact—aside from those which are obviously pure jokes not to be read as serious statements of fact. (Id. at 16)**

4

17.     Walker makes light of Exhibit 4 of Plaintiff's MOTD. It was not presented with the intent that each and every Twitter tweet be deemed defamatory, rather it was submitted to display the overall defamatory nature of Walker's Twitter usage when referring to Plaintiff by name.

18.     Walker uses a single tweet to re-litigate his previous cases against Brett Kimberlin. Brett Kimberlin is not a party to this case, although one could come to believe he was based on Mr. Walker's obsession with him as demonstrated by his filings in the instant case. This does nothing to defend the conduct of the people he claims to represent, and bolsters Plaintiff's contention that Walker took this pro bono case not to assist the defendants, but to find a new courtroom in which to assail Mr. Kimberlin.

19.     Walker is lying yet again when he claims in his opposition that there was nothing defamatory about calling Plaintiff a racist. Plaintiff has never met Walker's wife and is sure she is a lovely woman. Her devotion for him is such that she checks his car for bombs every morning. (Exhibit A) There was nothing inherently racist in the joke Plaintiff made in the Tweet Walker screen-capped (See ECF #19 at 19). The word Asia is mentioned, and Plaintiff jokes about her being a mail order bride. But so-called mail order brides come from all over the world, from all races, colors, creeds. As Plaintiff did not make a racist comment about Walker's wife, his allegation that Plaintiff is a racist is per se defamation.

20.     Walker tries to justify his repetition of a defamatory and false rape threat allegation made by non-party Lee Stranahan, whom Walker claims has filed a declaration with his Opposition. (It is signed electronically. Plaintiff attempted to contact Mr. Stranahan to ascertain the validity of the declaration. Mr. Stranahan's reply via Twitter was, "Do not contact me." So, Plaintiff has no way of knowing whether or not the declaration is true or just another fabrication from the imagination Mr. Walker.) Mr. Stranahan alleged that I threatened him with rape. On September 1, 2012, he called 9-1-1 to send the Howard County (Maryland) Police to my home in Elkridge, Maryland, to investigate the "rape threat." The official police report stated that no such threat existed. Yet, apprised of this fact, Walker continued to make the allegation even when threatened with litigation. Plaintiff is unaware of any "vile fantasy" he wrote in which Mr. Stranahan was raped. As Walker's repeated knowing falsehood paints the Plaintiff with having threatened to commit an abhorrent, violent sexual crime, it is by its very nature libel per se.

21.     Mr. Walker sinks even lower when he raises Plaintiff's alleged "Parkinson's disease dementia". Mr. Walker conflates an admission of what was then suspected early Parkinson's disease dementia with the stated fact

that Plaintiff "admitted he was demented." Plaintiff did no such thing. In a letter to a judge in a case in which Walker was waging lawfare with Kimberlin, Plaintiff wrote a letter to the judge in the case objecting to the fact that Walker's friend and, now bizarrely referred to as "Paralegal"[1] William John Joseph Hoge III, a co-defendant in a civil RICO suit, had dragged Plaintiff's name into the case without a reason to do so. Plaintiff never believed his letter to the judge would become part of the record. In fact, the judge ruled in that case that Plaintiff's letter was irrelevant and ordered it stricken from the docket. Furthermore, subsequent administration of cognitive testing by Plaintiff's neurologist shows any PD-dementia is very limited. Walker seems to labor under the misconception that PD-dementia is in any way debilitating. It is annoying, but nothing compared to Alzheimer's. At its worst, PD-dementia involves occasional visual hallucinations with retained insight and impairment of executive functions and short term recall. Plaintiff's dementia or lack thereof is not a matter of controversy for this court. PD dementia (PDD) has a unique clinical profile and neuropathology, distinct from Alzheimer's disease (AD). (See "Diagnosis and management of Parkinson's disease dementia" http://www.ncbi.nlm.nih.gov/ pmc/articles/ PMC2658001/) To make a blanket statement that a person is demented is cruel and in, Plaintiff's case, false and defamatory.

22.     The statements made by Mr. Walker in his Opposition at 22 are outrageous and bordering on stupidity. Walker claims that the cover of Plaintiff's book, **"No Doorway Wide Enough"** gives him and others all the justification they need to make repeated sport of Plaintiff being overweight. Mr. Walker misunderstands the nature of the title. When Plaintiff was a young hospital corpsman in the Navy, he used to wonder why so many of his elderly patients at the former US Naval Home in Gulfport, Mississippi, tended to freeze up just before a doorway, and after appearing to size up the doorway, slowly proceeded through it. It wasn't until Plaintiff developed Parkinson's disease in 2000 and the disease progressed that Plaintiff finally understood that what was happening to these elderly patients was an effect of Parkinson's disease (freezing of gait), which causes the patient's feet to freeze to the floor when the brain misinterprets a visual signal as an obstacle. "To these patients, it seemed like there was no doorway wide enough," Plaintiff wrote in the book. He decided it would be a good title. Plaintiff's late wife took the photo which Plaintiff used for the cover of the book. Walker may find humor in Plaintiff's struggle with PD, and there are amusing stories told about Plaintiff's dealing with the condition to be found in the book. However, Mr.

---

[1] WJJ Hoge III of Westminster, Maryland, is a semi-retired contracted engineer with the NASA Goddard Space Labs in Greenbelt, Maryland. Mr. Hoge is currently a co-defendant with Mr. Walker in Kimberlin v. National Bloggers Club, et al.,in the Montgomery County Circuit Court, Case #40368V

Walker misses the reason for the title, sees the image of a large individual in a doorway, and finds fodder for his endless stream of cruel "fat jokes."

23. Mr. Walker's assertion that the rest of the alleged defamatory statements he made about plaintiff are either jokes, non-disparaging, or disparaging but true, does not satisfy the issue before this court that a man with such personal animosity against a Plaintiff may not be representing his clients' interests by representing them, but his own.

E. **The Court Should Give at Least Equal Weight to Any Declaration Received in the Instant Case.**

24. Mr. Walker suggests the court should disregard Brett Kimberlin's declaration in Plaintiff's MTDQ and accept his because Walker disagrees with Kimberlin's contentions. If only a Federal Magistrate Judge's job was that easy.

25. Walker repeats his lie about Kimberlin being a "convicted terrorist." It is true Kimberlin was convicted of perjury as a teenager. Walker goes on to re-litigate the "wrongful death" lawsuit filed by the widow of the man who made the choice to take his own life five years after his injury. This has no place in the instant case and is thrown into the muddle by Walker for the same reason he took this pro bono case – to continue his Orwellian legal war with Kimberlin but in a new arena.

26. Statements made about Kimberlin in Walker's Opposition, paragraphs 26-32, and seven of the exhibits attached to Walker's opposition are not germane to this case and by right should be ignored by the Court.

27. Statements made about Kimberlin in Walker's Opposition, paragraphs 26-32, and seven of the exhibits attached to Walker's opposition are not germane to this case and by right should be ignored by the Court.

28. Statements made about Kimberlin in Walker's Opposition, paragraphs 26-32, and seven of the exhibits attached to Walker's opposition are not germane to this case and by right should be ignored by the Court.

29. Statements made about Kimberlin in Walker's Opposition, paragraphs 26-32, and seven of the exhibits attached to Walker's opposition are not germane to this case and by right should be ignored by the Court.

30. Statements made about Kimberlin in Walker's Opposition, paragraphs 26-32, and seven of the exhibits attached to Walker's opposition are not germane to this case and by right should be ignored by the Court.

31. Statements made about Kimberlin in Walker's Opposition, paragraphs 26-32, and seven of the exhibits attached to Walker's opposition are not germane to this case and by right should be ignored by the Court.

32. Statements made about Kimberlin in Walker's Opposition, paragraphs 26-32, and seven of the exhibits attached to Walker's opposition are not germane to this case and by right should be ignored by the Court.

33. Plaintiff reasserts every allegation made against Walker and his fitness to serve as pro bono counsel for the defendants as his reasons for taking the case seem to have more to do with refighting his war with Kimberlin than defense of his clients.

## II.
## THE PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL SHOULD BE GRANTED

34. Walker fails to demonstrate that there is any basis to deny Plaintiff's motion to disqualify him. To allege that Plaintiff made false allegations about his false allegations is ridiculous. A thing is either true, or it is not. Lies made to a Federal Court should be sanctioned, not embraced.

35. Plaintiff does not make this motion to disqualify lightly. He sincerely believes defendants would be better represented by someone – anyone – other than Mr. Walker who is using this case to air dirty laundry that nobody attached to this case ever wore.

36. Mr. Walker's weak argument about striking Exhibit 3 should not be considered by the Court. The documents were published online and therefore there is no intact seal.

WHEREFORE, this honorable Court should disregard Mr. Walker's opposition, allow this case to proceed as originally intended without the circus sideshow atmosphere occasioned by Walker using this Court to reignite his war with Brett Kimberlin, and GRANT plaintiff's Motion to Disqualify as well as provide all other relief the court finds just and equitable.

Dated this 10th day of March, 2016

William M. Schmalfeldt, Sr.
3209 S. Lake Dr., Apt. 108
Saint Francis, WI 53235
414-249-4379
bschmalfeldt@twc.com
*Pro Se Plaintiff*

## VERIFICATION

I, William M. Schmalfeldt, Sr., state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Thursday, March 10, 2016.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers except those already attached will be filed in relation to this reply.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Reply and Exhibits have on this day been sent by e-mail under a joint agreement to Aaron J. Walker, currently serving as Defendant's Attorney.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*