UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN
(Milwaukee Division)

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR. | Case No. 15-C-1516-NJ |
| Plaintiff pro se, | |
| v. | REPLY TO DEFENDANTS' JOINT MOTION FOR |
| SARAH PALMER, ET AL., | LEAVE TO FILE AN IMMEDIATE MOTION FOR |
| Defendants | SANCTIONS UNDER RULE 11 |

NOW COMES Plaintiff William M. Schmalfeldt, Sr., pro se plaintiff in the above captioned case for the purpose of filing this Opposition to Defendants' Joint Motion for Leave to File an Immediate Motion for Sanctions Under Fed. R. Civ. P. 11(c)(2).

1. Plaintiff did indeed file a Motion to Disqualify Defendants' Attorney, Aaron Justin Walker, for Alleged Violations of the DC Bar Association Rules of Professional Conduct, as Well as the Fact He is Likely to be Called as a Witness by the Plaintiff, or Joined as a Defendant (ECF 18) (hereinafter "MTDQ").

2. Plaintiff vigorously denies his motion contained any, let alone "numerous", provable falsehoods in violation of Rule 11(b)(3)(4). In fact, Plaintiff has pointed out provable lies told by Mr. Walker in his filings in the instant case to date.

3. As Plaintiff is not an attorney but is acting pro se, he understands words to mean what they mean in the common lexicon. Walker submits that Plaintiff made unwarranted legal claims in violation of Rule 11(b)(2) citing rules that had no application to the facts at hand or citing "rules" that are not rules at all. As Plaintiff is merely a retired GS-13 writer-editor with the Federal Government, if something says it is a "rule," plaintiff believes it is a "rule", especially if it is an American Bar Association Model Rule, as adopted by 49 of the 50 states, and not a mere suggestion as Walker seems to indicate.

4. Plaintiff is not surprised that Mr. Walker misunderstands the reason for Plaintiff filing the MTDQ. It has nothing to do with prejudicing the Court against Mr. Walker, whose less-than-stellar legal career is highlighted by the fact that he was fired from his last position as an attorney in 2012 and he has yet to find employment in the field of law. (*See* MTDQ, Exhibit 3) Plaintiff's purpose is to avoid the muddying of the waters that Mr. Walker has already attempted to cause by using this case to continue his legal battle with non-party Brett Kimberlin without offering a word of defense to the benefit of his clients. It is laughable to believe that a 61-year old non-lawyer such as the Plaintiff would even be capable of attempting to intimidate a practitioner before the bar with

the benefit of an Ivy League education, like Mr. Walker, even despite his inability to find gainful employment in his profession. There is nothing "improper" about wanting this Court to focus on the facts of the case in chief as presented by the Plaintiff and artfully defended by the the attorney for the Defendants. Plaintiff maintains that what he feared would happen when Mr. Walker threw his name into the hopper to offer pro bono representation to two defendants who belong to the same right wing cult of bloggers as he and his "paralegal" WJJ Hoge III has, in fact, happened. In Mr. Walker's mind, this is no longer a case of Plaintiff proving his name was used for profit without his consent, that Plaintiff was wrongfully and libelously smeared as a "child pornographer" by people who promulgated that maleficent falsehood with the express intent to harass the management of the apartment complex in which Plaintiff lives with the desired end result being my eviction, and that actual quotes by Plaintiff are routinely taken out of context and twisted, bifurcated and altered to fit the defamatory intent of the Defendants. <u>That is what this case is about!</u> Walker has tried to turn this into an attempt to assuage his damaged ego after years of failure in his legal dealings with Mr. Kimberlin and, in Plaintiff's opinion, is using this case to continue that battle in a brand new forum.

5. Mr. Walker embarrasses himself with his suggestion that Plaintiff is becoming "increasingly abusive and unhinged" in his communications with him. Even his own Exhibits show that Plaintiff has been nothing but a gentleman in his dealings with Mr. Walker. However, Mr. Walker did try to obtain a peace order against the Plaintiff in the state of Maryland when Plaintiff and along with his attempt to have the Howard County, Maryland, States' Attorney prosecute Plaintiff for harassment because Plaintiff once said on his Blog Talk Radio program, "Beware the Ides of March." Both Mr. Walker and his "long time paralegal" WJJ Hoge III took that quote from Shakespeare as a threat of harm against them when, in fact, the Plaintiff was talking about an online article that would be published on March 15, 2013, that cast an unfavorable light on a friend of theirs. The charge was deemed nolle prosequi by the State's Attorney. Plaintiff doesn't believe for a moment that Mr. Walker was "reluctant" to file what Plaintiff had every reason to believe was a private e-mail communication between litigants in a civil case. Mr. Walker's insulting suggestion that he and the Defendants understand that "exposing" Plaintiff's behavior to this Court "is likely to enrage" Plaintiff "further" and lead to more of what Mr. Walker insultingly and without foundation refers to as "inappropriate behavior." Mr. Walker is known by his adversaries to be an overly-litigious unemployable attorney who doesn't miss an opportunity to at least attempt to squeeze a dollar or two out of his would-be opponents. Plaintiff sees nothing wrong with telling an opportunistic unemployed attorney who has lied

<mark>2</mark>

for years about his reasons for being unemployed that "this is a fight you want no part of," urging him to "Set down the arrogance and walk away." If Mr. Walker finds mild language like that to be intimidating, Plaintiff suggests he stick to playing video games all day and not engage in the arts of jurisprudence.

6. Plaintiff has no problem with this court entertaining yet another frivolous motion by Mr. Walker by granting leave to file an immediate motion for sanctions. Plaintiff prays that this court will first rule on whether or not to accept Plaintiff's first amended complaint (ECF 6) as well as Plaintiff's motion to compel Defendant Palmer to show cause why she should not be held in contempt of court for ignoring a court order to reply within 21 days to the request to have the case heard by a Magistrate Judge (ECF 8), and to rule on Plaintiff's motion to disqualify Mr. Walker for the all-too-apparent reasons outlined in the MTDQ as brought into focus by the swarming of this court with superfluous paperwork and needless attacks in the continuation of his war with Mr. Kimberlin before ruling on whether or not to grant leave to file an immediate motion for sanctions. This case is still in its embryonic stages and this absurd call for sanctions is an insult to the Plaintiff, to the Court, and to genuine practitioners of the art of the jurisprudence across the country.

7. Yes, Plaintiff has been asked to withdraw his MTDQ and, yes, Plaintiff has declined.

8. In a shameless and gutless attempt to prejudice this Court as to the Plaintiff's ability to manage his own litigation, Mr. Walker stoops to the lowest level this writer has ever seen in his brief career as a pro se litigant to suggest that Plaintiff's conduct is affected by "early Parkinson's disease dementia." For one thing, as suggested in Plaintiff's reply to Mr. Walker's opposition to the MTDQ, Mr. Walker is barely an attorney, let alone a neurologist. To make a blanket claim that Plaintiff is "demented" shows a woeful lack of understanding about the nature of Parkinson's disease and the memory loss, executive dysfunction and visuospatial deficits that attend a person who has suffered from this malady for more than 16-years. It is particularly shameful on Mr. Walker's part as he used his own documented learning disabilities to force the Law School Admission Council to provide him with special accommodations in order to take his LSAT test. (Exhibit 1)

> **LSAC shall provide [Walker] the following accommodations: (1) 18 minutes additional test time for each section, except the written portion, for which he must be provided double time, (2) 10 minutes additional rest time between sections of the Test, (3) testing in isolation, (4) use of earplugs, and (5) subject to LSAC's inspection, use of Walker's personal computer on the written portion of the test.**

Plaintiff will not blame Mr. Walker's learning disabilities for his Orwellian insistence that "Oceania has always been at war with Eastasia" as he abuses this forum to advance a personal agenda. Plaintiff's conduct has not been unruly or vexatious, and he vigorously and forcefully denies the assertions made by Mr. Walker in this regard.

9. Mr. Walker shows his colors by asking this Court to fund his expedition into further assaulting and insulting the Plaintiff with his request for '[a] modest monetary sanction to compensate" him for the "trouble" Plaintiff has created by insisting on his rights to not have his name used for commercial purposes without his permission, to not have his name smeared as a "child pornographer" and to not have his words taken out of context and hammered like square pegs into round holes to fit the dogma of this cult of right wing bloggers. This is not the first time Walker has attempted intimidation to get money from would-be legal adversaries. (Exhibit 2) In an effort to get information on his nemesis Kimberlin, Walker picked up on a rumor that a litigant in a prior lawsuit might be looking for a settlement and sent an e-mail to that litigant.

> **I saw today that you offered to testify against Kimberlin because he lied to you about what happened on January 9, 2012. That may be your overture to settle this matter, and I will treated as such. That is, I am making a settlement offer to you in this email of my suit in Virginia. Of course for legal reasons I had to say that no agreement is final until it is written out and signed by both parties, but we can begin to negotiate a settlement that we both can live with.**
>
> **But this is what I want from you. I want the entire truth, and you and I both know that it goes far beyond Brett Kimberlin lying to you as you will lead. You know that my allegations that there has been a conspiracy involving yourself, [redacted by Plaintiff], Brett Kimberlin and others is true. [...]**
> **But it will not be good enough to just give me your word. At this point, your bear word would have no credibility with any court and therefore it would be useless to me. No, you would also have to be able to produce evidence. That would be documents, emails, voicemails, and anything else you have to substantiate what you tell me. That is what you will have to produce in any settlement.**
>
> **And the evidence I will want will not be limited to what you and your team did to me, but what they did to Patrick, Mandy, Mike [redacted by Plaintiff], Seth [redacted by plaintiff], and anyone else. I want you to give me the whole operation, in testimony and in evidence.**
>
> **And in exchange for that, I will ask of you only $20,000 in compensation for your part of all of this and I will be amenable to a reasonable payment plan. Compared to the cost of counsel and the risk of judgment against you, that is a bargain.**

Plaintiff can at least be grateful that thus far he has not been subjected to physical assault by Mr. Walker, as alleged by Mr. Kimberin on January 9, 2012. Mr. Walker claimed to police that he was attempting to stop Mr. Kimberlin from taking his picture with Kimberlin's iPad. (Exhibit 3). That story was modified into Walker's initial belief that the iPad was, in fact, a bomb that Kimberlin was about to use to blow everybody up. (Exhibit 4)

> **On January 9, 2012, I was leaving court at the same time as Mr. Kimberlin when Mr. Kimberlin raised his iPad as though to use it. Knowing that Mr. Kimberlin had deep malice toward me and knowing his criminal history, I was afraid he was about to do harm to me so I took the device from him. Because of the malice he had toward me and his criminal record, I believe I had a reasonable fear of bodily harm in that situation, justifying the invocation of self-defense.**
> *http://allergic2bull.blogspot.com/2012/05/how-brett-kimberlin-tried-to-frame-me_2100.html*

Walker denies any contact with Kimberlin other than his bravely snatching the iPad from him at risk of his own life.

He denies Kimberlin was injured in any way, although hospital accounts do not support Mr. Walker's denial. (Exhibit 5) According to discharge instructions from the emergency room at Suburban Hospital in Bethesda, Maryland, Kimberlin suffered an eye injury, a sprained back, a minor head injury, and on examination by the hospital's radiology department, soft tissue swelling around his right eye. Walker explains away the discrepancy by suggesting Kimberlin either forged the documents or had someone beat him up just to frame Walker. (Exhibit 6)

> **I say that his medical records and photographs were fakes, as a matter of logic. I know I didn't strike the man once and hopefully by the end of this story you will believe me. So there is no way he was actually injured the way he claimed. So when he produced photographs there are only three logical possibilities, as far as I can see: 1) the photographs are fakes—where he put on makeup or used software Photoshop—to make himself appear bruised when he was not, 2) the photographs are real but were from a prior injury or 3) he was really bruised that day, *but not by me*. Either way, they are fakes. Likewise, Kimberlin's medical records cannot genuinely reflect injuries I gave him, so therefore there are only two possibilities: either this convicted document forger forged medical records, or he was genuinely injured that day, *but not by me*. And in both cases there is the possibility that he had someone beat him up for him, or even caused himself harm. But bluntly, I think it is more likely that the documents were just phony in some fashion. It better fits with the criminal conduct he has engaged in, in the past.** *(http://allergic2bull.blogspot.com/2012/07/story-i-couldnt-tell-part-ii-brett.html)*

Plaintiff does not share these reports of deceptive and unseemly conduct by Mr. Walker to prejudice this Court or to claim that Mr. Walker's learning disabilities are in any way responsible for his alleged violent and litigious conduct. But things did reach the point where the States' Attorney for Montgomery County, Maryland, sent Walker a letter on April 25, 2012. (Exhibit 7)

> **Very respectfully, it is my belief that your dispute with Mr. Kimberlin cannot be resolved in the criminal justice system. I cannot help but notice that the transcript of the peace order hearing which you helpfully provided reflects the following statement from the presiding judge... "It seems... quite apparent to this court that both of you are way too invested in each other's affairs and way too invested in trying to do harm to one another." I further note from the transcript that [the judge] apparently credited Mr. Kimberlin's testimony and consequently extended the piece order against you until August 8, 2012.**

Plaintiff hopes that further unruliness on the part of Mr. Walker can be quelled by ruling in favor of Plaintiff's MTDQ as soon as possible.

WHEREFORE, as the Plaintiff has no objection to Mr. Walker's attempt to raise a little "walking around" cash by asking for leave to file a Rule 11 motion for sanctions, Plaintiff prays that this honorable court will see what sort of tangled mess of endless litigation awaits if this disgraced and unemployable attorney is allowed to continue to make a mess out of what should be a simple case of whether or not the Plaintiff's allegations as outlined in his Amended Complaint have merit, as well as for any other relief the court deems just and necessary or any sanctions the court may wish to visit upon Mr. Walker sua sponte.

Dated this 10th day of March, 2016

                                                William M. Schmalfeldt, Sr.
                                                3209 S. Lake Dr., Apt. 108
                                                Saint Francis, WI 53235
                                                414-249-4379
                                                bschmalfeldt@twc.com
                                                *Pro Se Plaintiff*

## VERIFICATION

I, William M. Schmalfeldt, Sr., state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Tuesday, March 10, 2016.

                                                William M. Schmalfeldt, Sr.
                                                *Pro Se Plaintiff*

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers except those already attached will be filed in relation to this reply.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Reply and Exhibits have on this day been sent by e-mail under a joint agreement to Aaron J. Walker, currently serving as Defendant's Attorney.

                                                William M. Schmalfeldt, Sr.
                                                *Pro Se Plaintiff*