**EXHIBIT 1**

Cy D-8/21/98
ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 2 0 1998
NANCY DOHERTY, CLERK
BY_____
Deputy

ENTERED ON DOCKET
_____PURSUANT
TO F. R. C. P. RULES
58 AND 79a

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AJW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3-98:CV:1329-R |
| | § | |
| Law School Admission Council, Inc., | § | |
| | § | |
| Defendant. | § | |

### Consent Decree and Final Judgment

On this day the Court considered the request of the parties, Plaintiff Aaron J. Walker ("Walker," previously referred to as "AJW") and Defendant Law School Admission Council, Inc. ("LSAC"), to enter this Consent Decree pursuant to the Settlement Agreement ("Agreement") entered into between them. Having considered the Settlement Agreement and the argument and representations of the parties, the Court enters this Consent Decree and final judgment. The Court finds as follows:

The Court has jurisdiction over this matter.

Walker has a "disability" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") because he has an impairment that substantially limits one or more of his major life activities. 42 U.S.C. § 12102(2)(A). Walker's claims relate to his rights under both the ADA and Texas Human Resources Code Chapter 121 to receive accommodations in taking the LSAT that insure that his LSAT score accurately reflects his aptitude and achievement levels, rather than reflecting his impaired sensory skills that exist as the result of his disabilities.

**Consent Decree and Final Judgment, page 1**

LSAC claims that Walker failed to document adequately both his disability and his need for accommodations on the LSAT.

Prior to filing suit, Walker requested that LSAC provide accommodations for his learning disabilities, and provided LSAC some documentation and evidence, both of his disabilities and of the nature of necessary accommodations and his entitlement to them. Walker established that he has a disability within the ADA that limits one or more major life activities and that he is entitled to a reasonable accommodation on the LSAT. Walker attempted to demonstrate this to LSAC. Walker was therefore entitled to take the LSAT with necessary accommodations. However, LSAC refused to provide the requested accommodations.

On June 8, 1998, Walker filed his Complaint against LSAC in this Court. On June 12, 1998, following an evidentiary hearing on June 11, the Court entered a preliminary injunction ordering LSAC to permit Walker to take the June 15, 1998 administration of the Law School Admission Test ("LSAT" or "Test") as scheduled and further ordering that LSAC provide Walker the following accommodations: (1) 18 minutes additional test time for each section, except the written portion, for which he must be provided double time, (2) 10 minutes additional rest time between sections of the Test, (3) testing in isolation, (4) use of earplugs, and (5) subject to LSAC's inspection, use of Walker's personal computer on the written portion of the Test. LSAC provided these accommodations to Walker when he took a specially-administered version of the LSAT on June 17, 1998.

**Consent Decree and Final Judgment, page 2**

The parties now wish to settle the controversies between them related to the claims set forth in the Lawsuit and entered into the Agreement accordingly.

The Court ORDERS as follows:

1. If Walker applies to take the LSAT one or more times in the future, LSAC shall provide him the following accommodations: (1) 18 minutes additional test time for each section, except the written portion, for which he must be provided double time, (2) 10 minutes additional rest time between sections of the Test, (3) testing in isolation, (4) use of earplugs, and (5) subject to LSAC's inspection, use of Walker's personal computer on the written portion of the Test.

2. LSAC shall score Walker's Test and shall timely provide to Walker the following: (1) Walker's raw score, (2) Walker's scaled score ("Score"), (3) a statement that only one key exists for the form of Test Walker took, (4) a statement that the form of Test Walker took was taken by all non-accommodated test takers at the June 1998 administration, (5) a description of the equating process that was used for the form of Test Walker took, (6) a copy of the test questions in each scored section of the form of Test Walker took, (7) a copy of Walker's answer sheet and the correct responses for the Test Walker took, (8) the score conversion table for the form of Test Walker took, and (9) the score bands and percentile rank for a non-accommodated score on the June 1998 administration of the LSAT that is the same as Walker's Score.

3. LSAC shall score Walker's June 1998 test, and any future LSAT's he takes, in accordance with its general scoring practices and shall distribute his Score in accordance with its general practices for distributing scores.

**Consent Decree and Final Judgment, page 3**

Case 2:15-cv-01516-NJ   Filed 03/14/16   Page 3 of 4   Document 22-1

4. LSAC shall not discriminate against Walker because of his disabilities and shall not exclude him from fully and equally participating in, receiving, or enjoying the benefits of, its services, programs, and activities because of his disabilities. LSAC further shall not discriminate or retaliate against Walker because he asserted rights under the ADA or because he intitiated and prosecuted this action. LSAC further shall not coerce, intimidate, threaten, or interfere with Walker's exercise or enjoyment of any right granted or protected by the ADA.

5. The Court retains continuing jurisdiction to enforce the provisions of this Consent Decree and the provisions of the Settlement Agreement.

6. Subject to that continuing jurisdiction, the Court FINDS that dismissal of the case is proper and therefore ORDERS that this case be, and it hereby is, DISMISSED with prejudice, each side to pay its own costs of court and attorney's fees.

SIGNED August 20, 1998.

Jerry Buchmeyer
Chief United States District Judge

Agreed as to form and content:

Stephen Gardner, attorney for Plaintiff

Joan E. Van Tol, attorney for Defendant

**Consent Decree and Final Judgment, page 4**