UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM SCHMALFELDT,

        Plaintiff,

v.

SARAH PALMER, ET AL.,

        Defendants.

Case No. 2:15-cv-01516-NJ

**JOINT OPPOSITION TO LEAVE TO FILE A SUPPLEMENT TO THE MOTION TO DISQUALIFY COUNSEL**

      NOW COME Defendants Sarah Palmer and Eric Johnson, by and through their counsel Aaron J. Walker, Esq. in the above-styled case for the sole purpose of challenging personal and subject matter jurisdiction and service of process and without waiving any rights of jurisdiction, notice, process, service of process, joinder, or venue. They hereby jointly file this Opposition to Leave to File a Supplement to the Motion to Disqualify Counsel and state the following:

      1.    As noted in paragraph 3 of the Defendants' "Joint Motion for an Extension of Time to File a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Motion to File a Separate Rule 12(b)(6) Motion to Dismiss" (Docket #13) the Plaintiff has made hash of this docket and continues to do so.

      2.    On March 7, 2016, the Plaintiff filed a Motion to Disqualify Counsel (Docket #18). On March 8, 2016, the Defendants filed an opposition (and motion to strike) to that motion to disqualify counsel (Docket #19). Six days later, on March 14, 2016, the Plaintiff filed his

reply (Docket #21). Therefore, as of that date, the Plaintiff's Motion to Disqualify was fully briefed and ready to be decided.

3. On Friday, March 18, 2016, the Plaintiff filed a "Motion to Supplement Plaintiff's Motion to Disqualify Defendant's Counsel (ECF 18) with Additional Information about Aaron Walker's Incompetence and Mental Instability" (Docket #24). Although the title suggests he is seeking leave to file such a supplement, the body is simply the proposed supplement itself, presenting new and improper ad hominem arguments against the undersigned counsel, designed to prejudice him in the eyes of this Court. There is no attempt in the body of the Plaintiff's filing to explain *why* he should be allowed to continue arguing the matter after the issue had been fully briefed; he simply proceeds to add this additional briefing without leave of the Court.

4. This is not consistent with local rules. E.D. Wis. Civil L. R. 7(i) states as follows:

> **(i) Leave to file paper.** Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

In other words, the Plaintiff was supposed to file a motion explaining why he needed to file a supplement with his proposed supplement filed as an attachment to it. Rather than follow that procedure, he just filed his supplement.

5. Nor does his motion reveal any justification for allowing briefing to be opened up again. He doesn't allege that he received any new information. Indeed, two of his exhibits (Exhibits 1 and 3) appear to be primarily material recycled from a previous filing. He just apparently decided that he wanted to say more to this Court. But the rules already provide parties with an adequate opportunity to be heard, and they also provide a time when briefing

2

ends and this Court is able to make its decision. That is where this Court is supposed to be in relation to the motion to disqualify.

6. Accordingly, this Court should deny to the Plaintiff leave to supplement and disregard the supplement the Plaintiff filed without seeking leave.

WHEREFORE, this Court should deny to the Plaintiff leave to supplement his motion to disqualify counsel, disregard (Docket #24) and provide all other relief that is just and equitable.

Friday, March 18, 2016                    Respectfully submitted,

   s/ *Aaron J. Walker*
Aaron J. Walker, Esq.
*Attorney for Defendants Johnson and Palmer*
Va Bar# 48882
DC Bar #481668
P.O. Box 3075
Manassas, Virginia 20108
(703) 216-0455`
(No fax)
AaronJW1972@gmail.com

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers will be filed in relation to this opposition.

## CERTIFICATE OF SERVICE

I certify that on Friday, March 18, 2016, I served copies of this document on William Schmalfeldt by email by his consent.

   s/ *Aaron J. Walker*

3