UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM SCHMALFELDT,

        Plaintiff,

v.

SARAH PALMER, ET AL.,

        Defendants.

Case No. 2:15-cv-01516-NJ

**JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO THE PLAINTIFF'S PROPOSED SUPPLEMENT TO HIS MOTION TO DISQUALIFY COUNSEL**

    NOW COME Defendants Sarah Palmer and Eric Johnson, by and through their counsel Aaron J. Walker, Esq. in the above-styled case for the sole purpose of challenging personal and subject matter jurisdiction and service of process and without waiving any rights of jurisdiction, notice, process, service of process, joinder, or venue. They hereby jointly file this Motion for Extension of Time to Respond to the Plaintiff's Proposed Supplement to his Motion to Disqualify Counsel and state the following:

    1.    As noted in paragraph 3 of the Defendants' "Joint Motion for an Extension of Time to File a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Motion to File a Separate Rule 12(b)(6) Motion to Dismiss" (Docket #13) the Plaintiff has made hash of this docket and continues to do so.

    2.    Once again, the Plaintiff has filed a document when he was supposed to seek leave to file it first.

    3.    Specifically, on Friday, March 18, 2016, the Plaintiff filed a "Motion to

Supplement Plaintiff's Motion to Disqualify Defendant's Counsel (ECF 18) with Additional Information about Aaron Walker's Incompetence and Mental Instability" (Docket #25). Although the title suggests he is seeking leave to file such a supplement, the body is simply the proposed supplement itself. There is no attempt in the body of the Plaintiff's filing to explain *why* he should be allowed to continue arguing the matter after the issue had been fully briefed; he simply proceeds to add his additional briefing without leave of court.

4. This is not consistent with local rules. E.D. Wis. Civil L. R. 7(i) states as follows:

> **(i) Leave to file paper.** Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

In other words, the Plaintiff was supposed to file a motion explaining why he needed to file a supplement with his proposed supplement filed as an attachment to it. Rather than follow that procedure, he just filed his supplement.

5. Thus, to the extent the rules would be strictly applied, Plaintiff's motion to supplement—a surreply in actuality—would be properly rejected by the clerk. However, experience suggests that this Court is likely to forgive this latest stumble of this pro se Plaintiff. Thus, again, this Court is likely to treat the Plaintiff as if he had properly moved for leave to supplement his response (despite the vitriolic and scurrilous tone), and, then, this Court is likely to consider granting leave to amend on those terms.

6. Therefore, the Defendants have filed a Joint Opposition to Leave to File a Supplement to the Motion to Disqualify Counsel explaining why granting such leave would be inappropriate and, therefore, requesting that this Court disregard the proposed supplement.

7. Further, if the Plaintiff had appropriately sought leave to file his supplement, then

2

no response to the supplement itself would be due from the Defendants for another twenty-one days after such leave as granted (if it were granted) and the clerk of the court filed the supplement pursuant to E.D. Wis. Civil L. R. 7(i).

8.  Accordingly, the Defendants seek an extension of time until twenty-one days after this Court decides whether to accept the proposed supplement.  In doing so, this Court would place the Defendants in exactly the same position as they would be in if the Plaintiff had followed the correct procedure and sought leave to file a supplement, rather than just filing his supplement.

WHEREFORE, this Court should order that the deadline to file any response to the Plaintiff's proposed supplement to his motion to disqualify (Docket #24) is extended to twenty one days after the proposed supplement is accepted (if it is not disregarded), and this Court should provide any other relief that is just and equitable.

Friday, March 18, 2016 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　s/ *Aaron J. Walker*
　　　　　　　　　　　　　　　　　　　　Aaron J. Walker, Esq.
　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants Johnson and Palmer*
　　　　　　　　　　　　　　　　　　　　Va Bar# 48882
　　　　　　　　　　　　　　　　　　　　DC Bar #481668
　　　　　　　　　　　　　　　　　　　　P.O. Box 3075
　　　　　　　　　　　　　　　　　　　　Manassas, Virginia  20108
　　　　　　　　　　　　　　　　　　　　(703) 216-0455`
　　　　　　　　　　　　　　　　　　　　(No fax)
　　　　　　　　　　　　　　　　　　　　AaronJW1972@gmail.com

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers will be filed in relation to this opposition.

## CERTIFICATE OF SERVICE

I certify that on Friday, March 18, 2016, I served copies of this document on William Schmalfeldt by email by his consent.

s/ *Aaron J. Walker*