UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM SCHMALFELDT,

        Plaintiff,

Case No. 2:15-cv-01516-NJ

v.

SARAH PALMER, ET AL.,

        Defendants.

## JOINT MOTION FOR PLAINTIFF TO BE PLACED UNDER A CASE MANAGEMENT ORDER

        NOW COME Defendants Sarah Palmer and Eric Johnson, by and through their counsel Aaron J. Walker, Esq. in the above-styled case for the sole purpose of challenging personal and subject matter jurisdiction and service of process and without waiving any rights of jurisdiction, notice, process, service of process, joinder, or venue. They hereby jointly file this Motion for a Case Management Order and state the following:

        1.     As noted previously by these Defendants, the Plaintiff has been making a hash of the docket, filing unusual letters (Docket Numbers 4 and 7), attempting to amend the complaint without leave (Docket #6), filing an improper motion to disqualify counsel that included scurrilous and vitriolic ad hominem attacks on undersigned counsel (Docket #18), an unjustified supplement to that motion to disqualify filed without leave of court (Docket #24), and a motion for summary judgment (Docket #25) filed before this Court had even determined that it had jurisdiction over the subject matter and the parties before it. The docket has swelled to twenty

nine entries as of this filing as the Plaintiff files one questionable paper after another and these Defendants attempt to cope with this pro se Plaintiff's mismanagement of his case.

2. It seems apparent to these Defendants that the Plaintiff is in need of closer supervision by this Court before the docket becomes completely unmanageable. This Court has broad discretion to manage its docket, and these Defendants believe the best solution at this point would be a Case Management Order. Under the order the Defendants propose, the Plaintiff would be required to obtain pre-clearance to file any document other than a responsive pleading (i.e. an opposition or a non-opposition to a defense motion), by sending a letter to this Court seeking such permission. The order could also require a greater sense of decorum from the Plaintiff, including a prohibition on including any further materials subject to confidentiality orders. The full contours of the proposal can be seen in the proposed order.

3. By contrast, these Defendants submit that no such order is shown to be necessary for these Defendants. Being represented by counsel, this Court can reasonably expect that as an officer of this Court, undersigned counsel will file only appropriate motions at the appropriate times, and refrain from inserting inappropriate materials into his filings.

WHEREFORE, this Court should issue a Case Management Order applicable to the Plaintiff, and provide any other relief that is just and equitable.

Friday, March 18, 2016                          Respectfully submitted,

   s/ *Aaron J. Walker*
Aaron J. Walker, Esq.
*Attorney for Defendants Johnson and Palmer*
Va Bar# 48882
DC Bar #481668
P.O. Box 3075
Manassas, Virginia  20108
(703) 216-0455`
(No fax)
AaronJW1972@gmail.com

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers will be filed in relation to this opposition.

## CERTIFICATE OF SERVICE

I certify that on Friday, March 18, 2016, I served copies of this document on William Schmalfeldt by email by his consent.

   s/ *Aaron J. Walker*