WILLIAM M. SCHMALFELDT, SR, ) Case No. 2:15-cv-01516-NJ
    Plaintiff pro se, )
v. ) PLAINTIFF'S RESPONSE TO
) DEFENDANTS' JOINT OPPOSITION TO
SARAH PALMER, ET AL., ) FILE A SUPPLEMENT TO THE
    Defendants ) MOTION TO DISQUALIFY COUNSEL

NOW COMES Plaintiff William M. Schmalfeldt Sr. with his RESPONSE TO DEFENDANTS' JOINT OPPOSITION TO FILE A SUPPLEMEMT TO THE MOTION TO DISQUALIFY COUNSEL, stating as follows:

1. At the risk of degenerating into tit-for-tat argument, if anyone is responsible for "making hash" of the docket, it would be the Defendants' Counsel, Aaron J. Walker, who has clogged the docket with 15 filings in the 18 days (as of this writing) since he appeared as counsel for the defense. And he has made all these filings without even attempting to address any of the issues brought by Plaintiff to be decided by the Court. As Plaintiff explained in his original Motion to Disqualify (ECF #18) from prior observance of Mr. Walker in other cases, his standard practice is to flood the court with paperwork.

2.     As Plaintiff is not an attorney, he relies on the judgment of the court to decide whether or not his motion to disqualify was "fully briefed and ready to be decided" as Mr. Walker contends. However, the Seventh Circuit decided in **Terry D. Randolph, Plaintiff-appellant v. Daniel R. Mcbride, Sergeant Powell, and Curtis Hall, defendants-appellees**, 67 F.3d 301 (7th Cir. 1995):

> **(W)e assume the truth of the allegations and draw all reasonable inferences in the plaintiff's favor. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995) (citing Arazie v. Mullane, 2 F.3d 1456, 1465-66 (7th Cir. 1993)). The district court's dismissal will be affirmed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because Randolph's complaint was filed without counsel, it must be construed liberally.** See **Haines v. Kerner, 404 U.S. 519, 520 (1972).**

3. Mr. Walker admits that Plaintiff presents new arguments in his Supplemental Motion to dismiss (although Plaintiff denies they were "improper and ad hominem"). That should suffice to answer the condition that a Supplemental Motion contain new information not available to the movant before filing the original motion. As Plaintiff believes this Court is capable of understanding the rationale behind such a Supplemental Motion, Plaintiff felt no need to explain to the court why he filed the brief, which by his understanding was his right without leave of the court.

4. Walker flings E.D. Wis. Civil L.R. 7(i) at the Court as if the Court was not aware of its own local rules. Key phrase in the Local Rule, "Any … brief, ***not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order***…" (Emphasis added) The pro se Plaintiff understood his Supplemental Motion was allowed by Rule 15(a) of the FRCP. Again, we rely on the 7th Circuit Court's ruling in *Randolph*.

5. Walker contradicts himself in his opposition by claiming Plaintiff presented new information (Defendant's Opposition to MFL, at 3) and then by claiming Plaintiff does not allege any new information (Id. at 5). Indeed, Plaintiff learns new things about Mr. Walker and his untrained, non-licensed "paralegal" WJJ Hoge III every day. If Hoge does, in fact, work for Walker, then Walker – the attorney in charge of supervising his paralegal – should never allow said paralegal to post such unprofessional, scurrilous material such as:

> It seems that the Dreadful Pro-Se Schmalfeldt's muse for this bit of legal tomfoolery was Tom Lehrer's song Lobachevsky.[1] Paragraph 15 (which begins, "*Thornwood v. Jenner & Block*, 344 N.E.2d 15 (Ill.App. 2003) provides a classic example of an in-concert liability claim against a lawyer ...") is lifted word-for-word from the eighth paragraph in a copyrighted article by Daniel E. Tranen, *The Risks Lawyers Face from Aiding and Abetting and Civil Conspiracy Claims*, which was published online. The fact that this ripped off quote doesn't deal with any of the issues raised in his motion doesn't change the fact that the Cabin Boy[2] has clearly plagiarized Mr. Tranen's work[3] (and probably engaged in what he likes to call "copyright theft" as well). (*See* http://hogewash.com/2016/03/18/im-not-making-this-up-you-know-103/)

As the person tasked with supervising of his paralegal, Mr. Walker should caution Mr. Hoge about throwing around phrases like "copyright theft" and plagiarism when discussing legal documents.

> Bill Schmalfeldt is a liar, and some of the biggest whoppers he's told are his claims to have found "provable lies" that others have told about him. The Cabin Boy™ would have the world believe that every hearing or trial that has gone against him has been the result of lying by his adversaries.
>
> Most recently, he's put out a podcast asserting that he's found nine such lies that were told by Sarah Palmer during the North Carolina hearing that resulted in restraining orders number 8 and 9 against the Cabin Boy™. I listened to the audio he posted. I've also seen the documentary evidence that Mrs. Palmer used during the hearing. That evidence backs up what she said. She didn't lie. Rather, Schmalfeldt appears to be lying about her. (*See* http://hogewash.com/2016/03/18/provable-lies/)

Ms. Palmer is one of the defendants in this case. A paralegal should know better

---

[1] "Plagiarize! Let no one else's work evade your eyes! Remember why the Good Lord Made Your Eyes! So don't shade your eyes! But plagiarize, plagiarize, plagiarize, only be sure to call it, please 'research'."

[2] Hoge's "term of endearment" for Plaintiff.

[3] Plaintiff acknowledges he forgot to cite Mr. Tranen's essay. However, according to Peter Ben Friedman in "What is a Judicial Author", "Lawyers and Judges routinely cut and paste without attribution." (*See* 62 Mercer L. Rev. 519)

than to discuss an ongoing case in a blog and to make defamatory statements such as calling Plaintiff a "liar" when Plaintiff has posted proof of the veracity of his statements.

If Mr. Walker is unable to manage his own "paralegal," how can he be expected to successfully defend clients that Plaintiff has established prima facie proof of his allegations against them?

> **Now, about that lie concerning Aaron's being unemployed—he isn't. He is self-employed as a sole practitioner. Many lawyers work that way. (Indeed, my father practiced as a law firm of one for several years.) The Cabin Boy™ should remember that I work part-time for Aaron as a paralegal. As such, I am aware of clients he represents who have no connection whatsoever to Team Kimberlin and its lawfare. Aaron is not unemployed.**
>
> **One does not simply lie in a declaration to the court and expect not to get burned. (*See* http://hogewash.com/2016/03/17/legal-lulz-du-jour-21/)**

If by "not unemployed" Hoge means Walker is doing pro bono work for friends because he cannot find a real job and has been unemployed since being fired in 2012 for ignoring his duties at the office and instead riling up the passions of Islamic Extremists on his "Everyone Draw Mohammed Day" hate blog, and helping a non-client in a state where he is not licensed by hiding his identity from the court with a pseudonym, then Mr. Hoge is correct.

6. As Plaintiff understood FRCP § 15(a) to mean what he thought it meant, and as the 7th Circuit has decided that a pro se litigant's briefs should "be construed liberally," and that the Court should "**assume the truth of the allegations and draw all reasonable inferences in the plaintiff's favor**", this honorable Court should ignore Walker's latest attempt to cloud the Defendants' malfeasance with smoke and mirrors.

WHEREFORE, this Court should deny the Defendants' Joint Opposition to Plaintiff's Motion to Disqualify Counsel and grant whatever other relief the court deems just and equitable.

Submitted this 21st Day of March, 2016

William M. Schmalfeldt, Sr.
3209 S. Lake Dr., Apt. 108
Saint Francis, WI 53235
414-249-4379
bschmalfeldt@twc.com
*Pro Se Plaintiff*

## VERIFICATION

I, William M. Schmalfeldt, Sr., state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Monday, March 21, 2016.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers except those already attached will be filed in relation to this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has on this day been sent by e-mail under a joint agreement to Aaron J. Walker, currently serving as Defendant's Attorney.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*