U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2016 MAR 22 A 10: 13
JON W. SANFILIPPO
CLERK

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN
## (Milwaukee Division)

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR.<br>Plaintiff pro se,<br>v.<br>SARAH PALMER, ET AL.,<br>Defendants | Case No. 2:15-cv-01516-NJ<br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S PROPOSED SUPPLEMENT TO HIS MOTION TO DISQUALIFY COUNSEL** |

NOW COMES Plaintiff William M. Schmalfeldt Sr. with his **OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S PROPOSED SUPPLEMENT TO HIS MOTION TO DISQUALIFY COUNSEL**, stating as follows:

1. As Plaintiff stated in his reply to Defendants' JOINT OPPOSITION TO LEAVE TO FILE A SUPPLEMENT TO THE MOTION TO DISQUALIFY COUNSEL if anyone is responsible for "making hash" of the docket, it would be the Defendants' Counsel, Aaron J. Walker, who has clogged the docket with 15 filings in the 18 days (as of this writing) since he appeared as counsel for the defense. And he has made all these filings without even attempting to address any of the issues brought by Plaintiff to be decided by the Court. As Plaintiff explained in his original Motion to Disqualify (ECF #18) from prior observance of Mr. Walker in other cases, his standard practice is to flood the court with paperwork.

2. Plaintiff disagrees with Defendants' Counsel's assertion that he filed a document when he was supposed to seek leave to file it first. As Plaintiff is not an attorney, he relies on the judgment of the court to decide whether or not his motion to disqualify was "fully briefed and ready to be decided" as Mr. Walker contends. However, the Seventh Circuit decided in **Terry D.**

**Randolph, Plaintiff-appellant v. Daniel R. Mcbride, Sergeant Powell, and Curtis Hall, defendants-appellees,** 67 F.3d 301 (7th Cir. 1995):

> **(W)e assume the truth of the allegations and draw all reasonable inferences in the plaintiff's favor. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995) (citing Arazie v. Mullane, 2 F.3d 1456, 1465-66 (7th Cir. 1993)). The district court's dismissal will be affirmed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because Randolph's complaint was filed without counsel, it must be construed liberally.** *See* **Haines v. Kerner, 404 U.S. 519, 520 (1972).**

3. Mr. Walker is wasting this Court's time by essentially rearguing points he attempted to make in his Joint Opposition to Plaintiff's Supplemental Motion to Disqualify Counsel. This is the sort of behavior Plaintiff warned the Court about in his original Motion to Disqualify. Plaintiff filed his original complaint on December 18, 2015. Now we are three months into the case and Counsel continues to duck and dodge and weave and "rope-a-dope" in an effort to wear down the court and this Plaintiff without offering so much as a syllable of defense for his pro bono clients.

4. See ¶3 because it applies here as well.

5. Once again, Plaintiff relies on the Seventh Circuit Court's decision in Randolph.

6. See ¶4 as it applies here as well.

7. If Counsel were not wasting the Court's time with these superfluous motions, he could draft a spanking new brief and actually defend his clients against Plaintiff's allegations. This is an attorney who blitzed this Court with four new briefs and four proposed orders in the space of an afternoon. Plaintiff wonders if Walker's efforts would be better directed toward filing an ANSWER to the Plaintiff's Amended Complaint, rather than engaging in this sort of "ring around the roses" pseudo litigation.

8. Accordingly Plaintiff seeks an ORDER from the Court either GRANTING Plaintiff's Motion to Disqualify Defense Counsel so we can proceed to the next phase of this litigation before the leaves fall off the trees. In the alternative, the Plaintiff would ask this honorable court to ORDER Mr. Walker to cease wasting the Court's time with the smoke and mirrors, file an Answer to Plaintiff's complaint, and let's get on with the lawsuit.

WHEREFORE, this Court should either DISQUALIFY Mr. Walker and grant Defendants sufficient time to secure new counsel, a lawyer with a serious intent to litigate this case, or in the alternative, ORDER Mr. Walker to cease with the song and dance, Answer the complaint, or agree to Plaintiff's motion for summary judgment.

Submitted this 21st Day of March, 2016

William M. Schmalfeldt, Sr.
3209 S. Lake Dr., Apt. 108
Saint Francis, WI 53235
414-249-4379
bschmalfeldt@twc.com
*Pro Se Plaintiff*

## VERIFICATION

I, William M. Schmalfeldt, Sr., state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Monday, March 21, 2016.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers except those already attached will be filed in relation to this motion.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this pleading has on this day been sent by e-mail under a joint agreement to Aaron J. Walker, currently serving as Defendant's Attorney.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*