| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR. ) | Case No. 2:15-cv-01516-NJ |
| Plaintiff pro se, ) | |
| v. ) | PLAINTIFF'S OPPOSITION TO |
|  ) | DEFENDANTS' JOINT MOTION FOR |
| SARAH PALMER, ET AL., ) | EXTENSION OF TIME TO RESPOND TO |
| Defendants ) | PLAINTIFF'S MOTION FOR SUMMARY |
|  | JUDGMENT |

NOW COMES Plaintiff William M. Schmalfeldt Sr. with his **OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**, stating as follows:

1. Plaintiff cannot argue with Mr. Walker's assertion in ¶1 of his motion.

2. It seems that in his haste to file, Mr. Walker is resorting to incomplete sentences:

**This motion was filed while a "Joint Motion to Dismiss Under Rule 12(b)(1), (2), and (5), and Opposition to Leave to Amend" (Docket #11) (hereinafter the "First MTD").**

As Mr. Walker doesn't complete the thought for us, Plaintiff is unsure how to respond. However, Plaintiff remains certain that when and if Mr. Walker gets down to the business of defending his clients, this honorable court will have long determined that it indeed does have subject matter and personal jurisdiction over the Defendants.

3. Plaintiff does not "claim" there are a number of undisputed facts. He states it with absolute certainty. Ms. Palmer cannot successfully suggest that Plaintiff's name is not Bill Schmalfeldt, that she is using his name in the title of her blog without his permission, that she misappropriates copyrighted images on her website, that her website has a donation button so she

can get money from people drawn to the blog by my name, and that she takes words I may or may not have spoken and applies her own twist to them. She admits as much on her blog. She says she does it for the "LULZ". No amount of discovery can change the fact that Defendant Johnson called the management of the Juniper Court apartment complex, leaving his name and phone number, telling the manager I was a child pornographer, that I was a danger to the residents of the community because of my "association" with a "domestic terrorist." Defendant Johnson has admitted to using his online identity as "buspassoffice" to spread the vile lie that Plaintiff is a child pornographer, and that he listed the names and addresses and other personal information of the Board of Directors of Cardinal Capital Management, the company that manages the property for the Sisters of St. Francis of Assisi. No amount of debate will establiush a new law where none exists, as audio child pornography is not a crime recognized in the United States, and even if it were, no children were involved in the production of the comedy routines Mr. Johnson deems "child pornography," said routines being far tamer than anything seen on South Park with adults pretending to be children who sometimes engage unwittingly in sexual activity, or the comedy of such comedians as Louis C.K. who is far more graphic (and much more funny) than Plaintiff would ever hope to be. These are all established truths that no amount of discussion can explain away.

4. Mr. Walker ignores the rules of summary judgment as stated within Rule 56(b) of the Fed. R. Civ. P. which states:

> **Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.**

The Rule does not say Discovery has to have already begun. In fact, according to Rule 56, a party can file a motion for Summary Judgment with the onset of the lawsuit. Whether or

not there is any dispute over material fact is a matter for the judge. Again, Plaintiff strongly avers that no amount of discovery would or could alter the carved-in-stone facts of this case. If Plaintiff's name is Bill Schmalfeldt and Defendant Palmer is using it as the title of her blog to draw readership to hit her donation button, then that is prima facie misappropriation of Plaintiff's name and likeness. If Defendant Palmer admits she sometimes "jazzes up" Plaintiff's quotes "for the LULZ," and the resulting "LULZ" create a defamatory statement, that is textbook libel. Mr. Walker says there is no recognized tort of false light invasion of privacy in Wisconsin. That may or may not be true, Plaintiff is not a lawyer. But Plaintiff is also not stupid, not a drunk, not a child molester, not a child pornographer, and Plaintiff has about 7 minutes of audio in which Defendant Palmer tells nine lies under oath in her January hearing to get a restraining order for herself ad her grandson because she "lies awake each night" and wonders if today will be the day that the Evil Schmalfeldt sends her another doom-laden e-mail. She once saw the word "Wisconsin" in her caller id and "nearly had a heart attack." But would a person with that kind of fear of another person continue to publish daily insults directed at this horrible evil in her midst which could descent upon her at a moment's notice, even though 16 years of Parkinson's disease has left him unable to drive or even walk anything more than short distances, and the muscle atrophy in his arms has left him with virtually no upper body strength? Plaintiff's wife died last summer, and with their daily haranguing, especially from Mr. Walker's paralegal, WJJ Hoge III, the pressure never lets up. If Plaintiff ignores their blogs they send vile and profane comments to his blog comments. If he blocks them, they change e-mail addresses and do it again. The only way this more than three-year ordeal stops for the Plaintiff is when someone has to finally pay for everything they have put the Plaintiff through, physically, emotionally and otherwise. If Mr. Walker wants to tie up this court with games and silly motions in the hopes that Plaintiff will

succumb to Parkinson's disease, that is a bet he could probably win. Plaintiff has already outlived the average lifespan of a person with this progressive neurological disorder, which is roundly mocked by Palmer and Johnson and Hoge and Walker. These Defendants do not need additional time to respond. They do not have to wait until the end of discovery. Unless that discover determines Plaintiff's name is not what he says it is, that he somehow did not time after time demand that Palmer remove his name from the title of her blog, that she has not invaded Plaintiff's privacy by creating a false narrative about him and his lifestyle, then there is no genuine issue of controversy. Unless the discovery shows there ins nothing wrong with telling the world that an innocent man with a sense of humor is guilty of a crime that does not even exist, that lying about Plaintiff stalking his daughter and other children is meant as a complement, that warning the apartment management that they have a child pornographer with an explosive temper and terrorist as his "most excellent friend" and is putting the lives of everyone in the complex can be shown not to be a false, defamatory lie, then we do not have a genuine dispute of material fact.

WHEREFORE, this court should take the following actions in the following order:

1. GRANT Plaintiff's request to remove Walker as defense counsel. This would render his outstanding motions moot.

2. GRANT Plaintiff's motion to order Sarah Palmer to show cause why she should not be held in contempt of court for ignoring a legal court order.

3. GRANT Plaintiff's motion for Summary Judgment with the full amount asked for in Plaintiff's Amended Complaint,

Submitted this 21st Day of March, 2016

William M. Schmalfeldt, Sr.
3209 S. Lake Dr., Apt. 108
Saint Francis, WI 53235
414-249-4379
bschmalfeldt@twc.com
*Pro Se Plaintiff*

## VERIFICATION

I, William M. Schmalfeldt, Sr., state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Monday, March 21, 2016.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers except those already attached will be filed in relation to this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has on this day been sent by e-mail under a joint agreement to Aaron J. Walker, currently serving as Defendant's Attorney.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*