U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2016 MAR 22 A 10: 13
JON W. SANFILIPPO
CLERK

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN
## (Milwaukee Division)

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR.<br>Plaintiff pro se,<br>v.<br>SARAH PALMER, ET AL.,<br>Defendants | Case No. 2:15-cv-01516-NJ<br><br>MOTION IN OPPOSITION TO DEFENDANTS' MOTION FOR A UNILATERAL CASE MANAGEMENT ORDER |

NOW COMES Plaintiff William M. Schmalfeldt Sr. with this MOTION IN OPPOSITION TO DEFENDANTS' MOTION FOR A UNILATERAL CASE MANAGEMENT ORDER.

1. Plaintiff is only too happy to submit to whatever orders and decisions are made by this honorable court. He will rely on the court's discretion to decide which letters are "unusual," whether or not a motion was filed "without leave," whether a motion is proper or improper, whether or not allegations made by Plaintiff are "scurrilous" or "vitriolic" or "ad hominem," whether or not his supplemental motion (ECF #24) is unjustified, or whether or not the Federal Rules of Civil Procedure state clearly that a motion for summary judgment is ripe at any time up until 21 days after the closure of discovery. Plaintiff also agrees the docket is getting out of hand. He asks this Court to consider that this case has been before the bench since December 18, 2015. In the time between that date and February 29, 2016 – the day Aaron J. Walker signed on as defense counsel, Plaintiff had filed nine briefs with this court. In the 18 days (as of this writing) that Mr. Walker has been acting as defense counsel, he has filed 15 briefs compared to five by Plaintiff. This court can decide whose filings are "questionable" and whose are not, and Plaintiff objects to the characterization made by this attorney who has – on information and belief – only done odd jobs in the legal field for personal friends since being fired from the last job he had as a

lawyer in January 2012, that it is the Plaintiff who is "mismanaging" the case. It is not an ad hominem attack to state the truth that Mr. Walker has been unable to find a job in the four years since he was dismissed for ignoring his duties to his employer. In fact, this Court will no doubt recall that in Plaintiff's Motion to Disqualify Defense Counsel Aaron Walker (ECF #18), he stated unequivocally:

> **Mr. Walker has engaged in dishonest conduct, deception and misrepresentation, including in the instant case. In his recently submitted Memorandum of Law in Support of the Joint Motion to Dismiss and Opposition to Leave to Amend Filed bu Defendants Sarah Palmer and Eric Johnson, on Page 13, Mr. Walker makes an outright and blatant lie (calling a third party a "convicted terrorist). (Id. P 1)**

Plaintiff demonstrated Mr. Walker's unprofessional contempt for Islam and his dangerous nonchalant attitude for the safety of his own co-workers in the creation of an "Everybody Draw Mohammed Day" blog, and when he was fired for offering legal aid outside his jurisdiction and working on his contemptible, blasphemous, un-American blog intended to inflame Muslim outrage abroad and here in the homeland at the expense of his actual job, he could not be bothered to post on his blog, at the request of his former company, that he publicly disassociate himself from that company to spare them the risk of extreme Islamist reprisals. In Plaintiff's Reply to Defendants' Joint Opposition to Plaintiff's Motion to Disqualify Counsel (ECF #21) Plaintiff predicted:

> **(Walker) intends to replicate his usual practice of flooding the court with baffling, befuddling paperwork, blizzards of motions and briefs, arguing irrelevant points, airing old grievances against non parties, and thus obfuscating the very simple issue before this court: (Id. at 1)**

With Walker's recent filings, blaming thus blizzard of paperwork on the Plaintiff, it seems Plaintiff's prediction has been realized.

2. Should the court decide this pro se Plaintiff is in need of closer supervision by this

court, Plaintiff would appreciate the assistance. However, such supervision should be applied to the Defense as well. Allowing Aaron Walker to file briefs willy-nilly while reining in Plaintiff's ability to respond would be a judicial injustice. Plaintiff is unaware of any document provided to this court subject to confidentiality orders.

3. To grant Walker's motion without applying equal restrictions on the Defendants would give the Defendants an unfair advantage. Yes, Defendants are represented by counsel – an attorney who was fired from his last job four years ago who has been unable to find steady work in the legal field since then. A counsel who "employs" a 68-year old vexatious litigant who is responsible for seeking 367 bogus criminal charges against Plaintiff, two restraining orders he had to lie to obtain, a man who was practically laughed out of court in his attempt to find Plaintiff guilty of Contempt of Court as well as in his last four attempts to secure restraining orders against Plaintiff, in the person of WJJ Hoge III of Westminster, MD, a man with no discernible legal training whatsoever who Walker refers to as his "paralegal," Plaintiff's view is that the Defendants would be better served going at this case pro se than with the services of a disgraced, unemployable lawyer with learning disabilities who is apparently having trouble learning that he is hurting his clients more than he is helping them. If Walker remains associated with this case, one he took pro bono to serve his own interests in continuing his three-year campaign to harass Plaintiff and not the interest of his clients, Plaintiff continues to predict that Walker will have this docket so jammed up with nonsense that it will take an excavation company to get to the bottom of what is, in fact, a very simple case.

WHEREFORE, Plaintiff prays that this Court:

1. DENY Defendants' motion for a unilateral case management order;
2. RULE that Plaintiff's First Amended Complaint is accepted by the Court;

3. RULE on Plaintiff's motion that Defendant Palmer be made to show cause why she should not be held in contempt of court for ignoring a valid court order;

4. RULE in favor Plaintiff's outstanding Motion to Disqualify Defendant's Counsel;

5. RULE in favor of Plaintiff's outstanding Motion for Summary Judgment; and

6. Provide any other relief that the Court deems just and equitable.

Submitted this 21st Day of March, 2016

William M. Schmalfeldt, Sr.
3209 S. Lake Dr., Apt. 108
Saint Francis, WI 53235
414-249-4379
bschmalfeldt@twc.com
*Pro Se Plaintiff*

## VERIFICATION

I, William M. Schmalfeldt, Sr., state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Monday, March 21, 2016.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers except those already attached will be filed in relation to this motion.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has on this day been sent by e-mail under a joint agreement to Aaron J. Walker, currently serving as Defendant's Attorney.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*