UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN
(Milwaukee Division)

| | |
|---|---|
| WILLIAM M. SCHMALFELDT, SR.<br>Plaintiff pro se,<br>v.<br>SARAH PALMER, ET AL.,<br>Defendants | Case No. 2:15-cv-01516-NJ<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO REMOVE JOHN DOE/JANE ROE DEFENDANTS AND JOIN A NAMED DEFENDANT |

NOW COMES Plaintiff William M. Schmalfeldt Sr. pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P., and requests leave to file a second amended complaint adding a party.

1. Since filing his first amended complaint, Plaintiff has learned the name and address of one of the John Doe/Jane Roes in his original and first amended complaint.

2. There is no prejudice to naming this additional defendant to a Second Amended Complaint as it was always Plaintiff's intent to add this defendant to the complaint upon ascertaining his identity.

3. As Plaintiff has satisfied himself that, on information and belief, all the John Doe/Jane Roe defendants in the Original and First Amended Complaint are Patrick G. Grady, 1103 Chesapeake Ct., Palatine, IL, hiding behind numerous aliases and so-called "sock puppet" Internet accounts, Plaintiff has the right to remove "John Does/Jane Roes" from his Original and First Amended Complaint, and add the name of Patrick G. Grady.

4. Adding Grady's name to the complaint would render Defendants' argument against subject matter jurisdiction moot as the plaintiff lives in Wisconsin and the defendants live in Illinois, North Carolina and Tennessee.

5. Aaron Walker, counsel for the other named defendants, has already indicated he would oppose Plaintiff's filing of a second amended complaint. However:

Courts should freely give leave to amend when justice so requires. FED.R.C.P. 15(a)(2). In the Seventh Circuit, "leave to file a second amended complaint should be granted liberally." Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004).

It is well-settled that courts should apply a liberal policy respecting amendments to pleadings so that cases may be decided on the merits. Sitrick v. Freehand Sys., 2004 WL 725306, at *2 (N.D. Ill. Mar. 31, 2004).

"[I]n the absence of delay, undue prejudice to the party opposing the motion, or futility of the amendment, leave should be freely given." Eastern Natural Gas Corp. v. Aluminum Co. of Am., 126 F.3d 996, 999 (7th Cir. 1997).

6. Plaintiff does not believe that his filing of a SAC will unduly prejudice or delay justice in the instant case.

WHEREFORE in the interest of clarity and a finding based on the merits of the case, Plaintiff moves this honorable Court to give leave to file a Second Amended Complaint. Plaintiff advises the Court that he will be ready to file the SAC as soon as the Court gives leave. Respectfully submitted this 1st day of April, 2016.

William M. Schmalfeldt, Sr.
3209 S. Lake Dr., Apt. 108
Saint Francis, WI 53235
414-249-4379
bschmalfeldt@twc.com
*Pro Se Plaintiff*

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers except those already attached will be filed in relation to this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has on this day been sent by e-mail under a joint agreement to Aaron J. Walker, currently serving as Defendant's Attorney.

William M. Schmalfeldt, Sr.
*Pro Se Plaintiff*