UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

WILLIAM SCHMALFELDT,

        Plaintiff,

  v.

ERIC P. JOHNSON, SARAH PALMER,
and JOHN AND JANE DOES,

        Defendants.

Case No. 2:15-cv-01516-NJ

---

### JOINT OPPOSITION TO THE PLAINTIFF'S MOTION TO RELAX THE MORATORIUM

---

NOW COME Defendants Sarah Palmer and Eric Johnson, by their counsel Aaron J. Walker, Esq., in the above-styled case for the sole purpose of filing this Opposition to the Plaintiff's motion to relax this court's moratorium of March 24, 2016 ("Motion to Relax the Moratorium") (Docket #38), without waiving any rights of jurisdiction, notice, process, service of process, joinder, or venue. In support of this opposition, they state as follows:

    1.    In his Motion to Relax the Moratorium, the Plaintiff claims in the first paragraph that "the honorable judge said she did not wish to entertain any further motions unless they contained information the Court needed to know." However, that is not what this Court wrote when issuing its moratorium on March 24, 2016 (Docket #35). Instead this Court wrote that "[a]bsent an emergency, neither side is to file anything with the court." Speaking

extemporaneously, this Court said that a qualifying emergency had to be a situation where, if it were not addressed, there would be a risk of prejudice to one side.[1]

2. This means that both of the Plaintiff's filings—first asking improperly for permission to amend his complaint (Docket #37) and then withdrawing that filing while asking to relax the moratorium so that he could properly move to amend the complaint (Docket #38) were in violation of that moratorium. This opposition also risks being seen as a violation of the moratorium as well, but these Defendants wished to act to avoid the prejudice of leaving the Plaintiff's request unopposed.[2] Still, the Defendants will keep their opposition brief.

3. Because the Plaintiff's motions were filed in violation of the moratorium, the simplest solution is to ignore—or strike—them both in order to enforce the moratorium.

4. Turning briefly to the substance of the latter filing, nothing the Plaintiff could file would solve some of the basic problems in his case against these Defendants. Specifically, this Court does not have personal jurisdiction over either of these Defendants for two reasons: 1) because the Plaintiff has never properly served them and 2) because this Court cannot exercise personal jurisdiction over them as a matter of law. Further in relation to service of process, the time to serve the Defendants under Fed. R. Civ. P. 4(m) has expired—a problem no amendment can correct.

5. Moreover, it seems doubtful that the Plaintiff can amend his complaint to add a new named defendant, consistent with Rule 11. After declaring to this Court that Patrick Grady was the anonymous writer known as "Paul Krendler" (Docket # 1) and then declaring that "Paul Krendler" wasn't Patrick Grady (Docket # 5), the Plaintiff has declared that Patrick Grady is this

---

[1] That would seem to include any opposition to these Defendants' supplement to their joint motion to dismiss (Docket # 39), and any reply to such opposition.
[2] These Defendants also intentionally waited more than a week to give this Court an opportunity to act *sua sponte*.

"Paul Krendler" after all.  Further eroding the credibility of his on-again, off-again certainty is the fact that after his most recent declaration that he was certain that Patrick Grady is "Paul Krendler," the Plaintiff wrote an email to undersigned counsel asking for verification.  *See* Exhibit A.  So the Plaintiff tells this Court he knows the identity of "Paul Krendler," while begging opposing counsel for verification.

6. Even assuming that Patrick Grady has wronged the Plaintiff in some legally cognizant way, there is no reason to further delay the dismissal of Mr. Johnson and Mrs. Palmer, particularly in light of their supplement to their motion to dismiss (Docket # 39).  The truth is that including Mr. Johnson and Mrs. Palmer in the same case is a classic example of misjoinder, and adding Mr. Grady will only compound this problem.  Thus, this Court should dismiss Mr. Johnson and Mrs. Palmer and then decide if it is appropriate to allow the Plaintiff to amend the complaint to add in Mr. Grady or whoever the Plaintiff claims is "Paul Krendler" on that date.[3]

WHEREFORE, these Defendants pray that this Court ignore or strike the two motions the Plaintiff filed last week (Docket numbers 37 and 38), or deny the request to relax the moratorium, and provide any other relief that is just and equitable.

---

[3] Upon information and belief the Plaintiff has also claimed in the past that Lynn Thomas, Eric Shultz, Chris Heather, Vincent Virgintino, Kender McGowan, Dustyn Hughes, Mathew C. Ryan, David M. Marino, William J. J. Hoge III, William J. J. Hoge IV, and Defendant Palmer were also "Paul Krendler" at one time or another.  There is no word on whether a dart board was consulted before making these public accusations that he now admits were false.  Indeed, upon information and belief, the Plaintiff has written a book claiming that he, Bill Schmalfeldt, wrote on the Internet under the name of "Paul Krendler."  That book is called CONFESSIONS OF AN UNDERCOVER INTERNET TROLL: THE THINGS WE DO FOR LULZ.  The book had a picture of the Plaintiff on the cover and was once available at http://www.amazon.co.uk/Confessions-Undercover-Internet-Troll-Things-ebook/dp/B0170AJF4Y before sales were blocked.

Friday, April 15, 2016                    Respectfully submitted,

    s/ Aaron J. Walker
Aaron J. Walker, Esq.
*Attorney for Defendants Johnson and Palmer*
Va Bar# 48882
DC Bar #481668
P.O. Box 3075
Manassas, Virginia  20108
(703) 216-0455
(No fax)
AaronJW1972@gmail.com

## VERIFICATION

I, Aaron Walker, state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that all exhibits are true and correct copies of the originals.

Executed on Friday, April 15, 2016.

    s/ Aaron J. Walker

## CIVIL L. R. 7(A)(2) CERTIFICATION

In compliance with Civil L. R. 7(a)(2), I certify that no separate supporting memorandum or other supporting papers will be filed in relation to this opposition.

## CERTIFICATE OF SERVICE

I certify that on April 15, 2016, I served copies of this document on William Schmalfeldt by email by his consent.

    s/ Aaron J. Walker