# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM M. SCHMALFELDT, SR.,**

    **Plaintiff,**

    v.                                Case No. 15-CV-1516

**ERIC P. JOHNSON, SARAH PALMER,
and JOHN AND JANE DOES,**

    **Defendants.**

## DECISION AND ORDER

There are currently 13 motions pending in the above-captioned case, which was filed by the plaintiff, William M. Schmalfeldt, Sr., on December 18, 2015. (Docket # 1.) On March 24, 2016, I conducted a status conference with the parties and ordered a moratorium on any further filings (at that time, there were 34 dockets entries in the approximately three months the case had been pending, including 10 motions). Thereafter, I issued an order in which I granted Schmalfeldt leave to amend his complaint, making his amended complaint (Docket # 6) the operative complaint in this case. I also gave the defendants 21 days to file any supplement to their already-pending motion to dismiss (Docket # 11) or an amended motion to dismiss. The defendants have now filed a supplemental motion to dismiss the amended complaint. Before the defendants filed their supplemental motion, however, Schmalfeldt filed a motion for leave to file a second amended complaint (Docket # 37) and thereafter filed a motion to withdraw that motion and also requested that the moratorium on filings be relaxed (Docket # 38). I will address these two most recent motions from Schmalfeldt as well as the other outstanding motions, except for the motion to dismiss, which has not yet been fully briefed.

For the sake of making this decision as easy to follow as possible, I will start at the beginning of the docket and make my way forward.

*1.    Motion for Court Assistance Regarding Service (Docket # 7)*

The first pending motion was filed by Schmalfeldt on February 4, 2016. (Docket # 7.) He requested that the court serve defendant Eric P. Johnson at his own expense because Johnson had refused service. However, I know of no rule, either federal or local, that requires the court to serve a defendant in a civil lawsuit in this particular situation.[1] Though "a district court must direct the marshals service to serve process for indigent litigants," that is, litigants proceeding *in forma pauperis*, "plaintiffs like [Schmalfeldt] who are not indigent bear the responsibility for effecting service of process." *Barmes v. Nolan*, 123 Fed. Appx. 238, 239 (7th Cir. 2009) (internal citations omitted). Therefore, Schmalfeldt's request that the court serve defendant Johnson is denied.

*2.    Motion for Order to Show Cause (Docket # 8)*

Next, Schmalfeldt filed a motion for an order to show cause why defendant Sarah Palmer should not be held in contempt of court. (Docket # 8.) According to Schmalfeldt, Palmer had received and accepted her service packet on December 28, 2015, which contained a copy of the Consent to Proceed Before a Magistrate Judge form. The form instructs the recipient to complete the form and file it within 21 days of receipt. Because Palmer had not done so within 21 days, Schmalfeldt seeks to have me order Palmer to show cause why she should not be sanctioned for failing to complete and return the form within 21 days of receiving her service packet. At that time, Palmer's answer to Schmalfeldt's complaint was not yet due, and to order her to show cause why I

---

[1] In a later motion, Schmalfeldt mentions Rule 4 of the Federal Rules of Civil Procedure as the authority for a court to serve a defendant. (Docket # 8 at 1.) However, I believe that Schmalfedlt is looking at Rule 4(d)(2), which states that a defendant who refuses to waive service without good cause will be responsible for the cost of serving him.

- 2 -

should not sanction her for failing to return the consent form before she was even required to answer the complaint would be nonsensical, not to mention impractical. Therefore, Schmalfeldt's request that I issue an order to show cause why Palmer should not be sanctioned is denied.

    3.    *Motion to Disqualify Defendants' Counsel (Docket # 18) and Motion for Leave to File Rule 11 Motion Immediately (Docket # 20)*

Schmalfeldt filed his next motion on March 7, 2016, seeking to disqualify defendants' counsel (Docket # 18) after he had entered an appearance on February 29, 2016 (Docket # 9). Thereafter, the defendants filed a motion for leave to file a motion for sanctions against Schmalfeldt. (Docket # 20.) I have reviewed both motions, and they amount to what are essentially *ad hominem* attacks on the opposing side. As I warned Schmalfeldt and Attorney Walker at our March 24th status conference, I will not entertain *ad hominem* attacks from either party. Both the motion to disqualify and the motion to for leave to file sanctions are denied.

    4.    *Motion to Supplement (Docket # 24) and First Motion for Extension of Time to Respond to Supplement (Docket # 27)*

Relatedly, Schmalfeldt's request to file a supplement in support of his motion to disqualify (Docket # 24) is also denied, as is the defendants' request for an extension of time to respond to the supplement (Docket # 27).

    5.    *Motion for Summary Judgment (Docket # 25)*

Schmalfeldt has also filed a motion for summary judgment. (Docket # 25.) It is true the Federal Rule of Civil Procedure 56(b) provides that a motion for summary judgment may be filed at any time until 30 days after the close of discovery (unless local rules or a court order provides otherwise), but Schmalfeldt's motion for summary judgment is not ripe for decision. Currently, the defendants have moved to dismiss this case, and among the grounds they argue merit dismissal is the issue of this court's jurisdiction over the case. It is appropriate, therefore, to address at least the issue

- 3 -

Case 2:15-cv-01516-NJ   Filed 04/20/16   Page 3 of 5   Document 42

of jurisdiction before deciding a motion for summary judgment. I will therefore deny Schmalfeldt's motion without prejudice.

      *6.    First Motion for Extension of Time to Respond to MSJ (Docket # 28) and Motion for Case Management Order (Docket # 29)*

Additionally, the defendants' motion for an extension of time to respond to the motion for summary judgment (Docket # 28) is denied as moot. Once the preliminary issues have been decided, and if the case is not dismissed, I will conduct a conference with the parties and we will determine the course for this case going forward, including a time line for dispositive motions. I am therefore also denying the defendants' motion for a case management order. (Docket # 29.)

      *7.    Motion for Leave to File Second Amendment Complaint (Docket # 37) and Motion to Withdraw Motion and Relax the Moratorium (Docket # 38)*

Finally, I turn to Schmalfeldt's motion to for leave to file a second amended complaint (Docket # 37) and his motion to withdraw that motion, which also requests that I relax the moratorium on filings (Docket # 38). I will grant his motion to withdraw his motion for leave to file a second amended complaint, but I deny his request to relax the moratorium on filing.

Indeed, the parties are reminded that the moratorium is in full effect until further notice. Schmalfeldt may respond to the motion to dismiss/supplemental motion to dismiss, and the defendants may file their reply brief. However, the parties are to file no other motions or pleadings unless, as I explained at the hearing, there is an emergency. Once I have decided the motion to dismiss, and if that decision does not result in dismissal of the case, I will conduct a hearing with the parties to set a schedule for the case going forward.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to have the court serve defendant Johnson (Docket # 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Show Cause (Docket # 8) is **DENIED**.

**IT IS ALSO ORDERED** that the motion to disqualify counsel (Docket # 18) is **DENIED**, and the motion for leave to file a motion for sanctions (Docket # 20) is also **DENIED**. Similarly, the motion to supplement the motion to disqualify (Docket # 24) is **DENIED**, and the motion for an extension of time to respond to the motion to supplement (Docket # 27) is therefore also **DENIED**.

**IT IS ALSO ORDERED** that the plaintiff's motion for summary judgment (Docket # 25) is **DENIED WITHOUT PREJUDICE**. Additionally, the defendants' motion for an extension of time to respond to the motion for summary judgment (Docket # 28) is **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that the defendants' motion for a case management order (Docket # 29) is **DENIED**.

**FINALLY, IT IS ORDERED** that the plaintiff's motion for leave to withdraw his motion for leave to file a second amended complaint and to relax the moratorium on filings (Docket # 38) is **GRANTED IN PART AND DENIED IN PART**. The plaintiff's request to withdraw his motion for leave to file a second amended complaint is granted, withdrawing Docket # 37, but his request to relax the moratorium on filings is denied.

Dated at Milwaukee, Wisconsin this 20th day of April, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge